[Civ. No. 11161.   First Appellate District, Division Two.—March 1, 1940.]

ELIZABETH CATHEY, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation) et al., Respondents.

Albert Michelson and A. Don Duncan for Appellant.

John J. O'Toole, City Attorney, and Reynold J. Bianchi, Deputy City Attorney, for Respondents.

NOURSE, P. J.—There is but one question involved in this appeal which we quote in full from appellant's brief:

"Is an action for damages, for personal injuries sustained by a passenger on a street car, through the general negligence of the employees of a municipal corporation operating said streetcar on a public street railway, owned and operated by said municipal corporation in its proprietary capacity, barred, solely by reason of said passenger's failure to file with the controller of said municipal corporation, a verified claim for the alleged amount of damages sustained within

sixty days after receiving said injuries, as allegedly required by the charter of said municipal corporation?"

Plaintiff sued for personal injuries alleged to have been incurred while she was a passenger on a street car operated by the municipality. A demurrer to her complaint was sustained because she had failed to make demand as required by section 87 of the San Francisco charter. This section, as amended, Statutes 1935, p. 2421, reads:

"LIMITATION ON CLAIMS FOR DAMAGES.

"Section 87. All claims for damages against the city and county must be·presented to the controller within sixty days after the occurrence from which it is claimed the damages have arisen. Such claims must be verified by the oath of the claimant and must contain the name and address of the claimant, the date and place of the occurrence or injury for which damages are claimed, the nature and amount of said injuries or damages and the items making up said amount; otherwise there shall be no recovery on any such claim or by reason of the said occurrence for which damages are claimed."

█ The language of the charter section is plain and requires no interpretation or construction. It applies to *all* claims for damages against the city, and requires a statement of the date and place of the injuries and of their nature and amount. It must be taken as settled law that, when the charter or statute requires such a statement of demand before suit is filed, such a demand is a condition precedent to the action, and a complaint failing to allege demand fails to plead a cause of action. (*Crim* v. *San Francisco,* 152 Cal. 279, 281 [92 Pac. 640]; *Geimann* v. *Board of Police Commrs.,* 158 Cal. 748, 752 [112 Pac. 553]; *Douglass* v. *City of Los Angeles,* 5 Cal. (2d) 123, 130 [53 Pac. (2d) 353]; *Dryden* v. *Board of Pension Commrs.,* 6 Cal. (2d) 575, 580 [59 Pac. (2d) 104]; *Farmers & Merchants' Bank* v. *City of Los Angeles,* 151 Cal. 655, 659 [91 Pac. 795]; *Continental Ins. Co.* v. *Los Angeles,* 92 Cal. App. 585, 587 [268 Pac. 920]; *Western Salt Co.* v. *San Diego,* 181 Cal. 696, 699 [186 Pac. 345].)

For these reasons the judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1940. Curtis, J., and Carter, J., voted for a hearing.