[Civ. No. 13593.   First Dist., Div. Two.   Aug. 10, 1948.]

BETTY KORNAHRENS, a Minor, etc., Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Johnson, Ricksen & Johnson and McClymonds, Wells & Wilson for Appellant.

John J. O'Toole, City Attorney, John F. Moran and George E. Baglin, Deputy City Attorneys, for Respondent.

GOODELL, Acting P. J.—Appellant sued for personal injuries alleged to have been sustained on June 7, 1944, through the negligent operation of the streetcar of the municipal railway on which she was a passenger. The complaint shows that on August 29, 1944, a verified claim for damages was presented to the controller of the city. In its answer the city pleaded that appellant had failed to comply with the provisions of section 87 of the San Francisco charter requiring the presentation of such claims to the controller within 60 days after the occurrence, and when the case came on for trial the city pressed that point by moving for judgment on the pleadings. The motion was granted, judgment entered, and this appeal taken.

The appellant's sole contention is "that the provisions of a municipal charter relative to the time within which claims must be filed have no application in cases of tort arising out of a municipality's exercise of proprietary functions."

In *Cathey* v. *City and County of San Francisco*, 37 Cal.App.2d 575 [99 P.2d 1109], the plaintiff sued for an injury sustained while she was a passenger on the same municipal railway. Her claim was presented after the 60-day period had expired, which fact appeared on the face of the complaint. The city's demurrer on that ground was sustained, and the judgment entered thereon was affirmed by this court.

Although the city makes it perfectly clear in its brief that it relies on that case, appellant in her reply brief makes no attempt to distinguish it. The Cathey case is directly in point, and the arguments now made by appellant are answered by that case and by the authorities which it cites.

One of the cases cited therein is *Western Salt Co.* v. *City of San Diego*, 181 Cal. 696 [186 P. 345], which arose from the collapse of the lower Otay dam operated by the city as a part of its municipal waterworks and in its proprietary capacity. The city charter contained a provision that all claims for damages against the city had to be presented within six months after the occurrence. The complaint failed to allege a compliance with that provision, and the city's demurrer was sustained on that ground. An earlier case, *Bancroft* v. *City of San Diego*, 120 Cal. 432 [52 P. 712], had held that the plaintiff's failure to present a claim within six months was fatal. The damages sought in the Bancroft case arose from the change of grade of a street, and the appellant in the Western Salt Company case sought to break the force of the earlier decision by contending "that the rule for the presentation of claims is different with reference to those claims incurred by the city in exercising its governmental powers and those incurred in the exercise of powers in private enterprises undertaken by the city." The court said (p. 698): ". . . we see no opportunity for any construction of the language with reference to presentation of claims based upon the fact that some of the powers of the city enumerated in the charter are governmental in character, and others authorize the establishment by the city of enterprises which partake of a private character. In either event the city is acting as such and the damages which accrue against it, under the law, are chargeable against the city." This categorically answers the appellant's argument herein that the charter provision has

"no application in cases of tort arising out of a municipality's exercise of proprietary functions."

The respondent contends that "Since there is no general law governing claims against San Francisco as a city arising out of its municipal and proprietary operation of the municipal railway, section 87 of the charter is valid and binding in actions for injuries arising out of such operation."

In the Western Salt Company case the appellant contended that the provision of the charter requiring the presentation of claims was "invalid for the reason that the freeholders' charter conflicts with the general law, and is only supreme in 'municipal affairs,'. . . ." With respect to this the court said: "This contention is predicated upon the proposition that by the general law a complaint for damages is a sufficient presentation of a demand against an individual or private corporation. The question involved here, however, is an entirely different one, namely, the method of securing payment of claims against a municipality, an agency of the state. There is no general law upon that subject, but the charter of each municipality prescribes the method for such payment. The charter controls. . . ."

The reason underlying the requirement of the presentation of claims against cities and counties as a prerequisite to the maintenance of actions against them, is given in the same case by quotation from an early case, as follows: " 'We think the intention of the legislature was to prevent the revenue of the county from being consumed in litigation, by providing that an opportunity of amicable adjustment should be first afforded to the county, before she could be charged with the cost of a suit.' (*McCann* v. *Sierra County*, 7 Cal. 121.) A similar reason was given for the rule requiring a presentation of claims to an executor or administrator. (*Ellissen* v. *Halleck*, 6 Cal. 386.) This reason applies with like force to all claims against a city, however originating."

The Western Salt Company case was decided in 1919, at which time, as the court held, there was no general law dealing with the presentation of claims against a municipality. Since then several claim statutes have been enacted dealing with various types of liability of public agencies and officers and the appellant discusses them at considerable length, but does not succeed in bringing this case within any of them. The appellant's allegation that her claim was presented to the controller definitely characterizes this case as one intended

by her to come within section 87 of the charter (and not within any of these other enactments) since the controller is the only officer designated therein. Under none of the acts discussed by appellant is the controller so designated. That being so, it is clear that appellant was proceeding under no enactment other than section 87, and the argument that the claim, while too late under that section, was still filed within the time limited in these other acts, falls of its own weight because there was no attempt to plead a compliance with any one of them.

■ It is settled law that such claims must be presented not only within the time limited by the particular enactment but to the officer, board or agency designated therein. (*Continental Ins. Co.* v. *City of Los Angeles*, 92 Cal.App. 585 [268 P. 920], cited approvingly in *Douglass* v. *City of Los Angeles*, 5 Cal.2d 123, 134 [53 P.2d 353].) For these reasons there is no necessity to discuss the cases cited by appellant arising under the several claim statutes.

■ The argument is made that, because San Francisco is a consolidated city and county government the demand was within time as a claim against *a county,* under sections 29700-29705, Government Code (Stats. 1947, pp. 1232, 1233; formerly Pol. Code, § 4075). The first answer to this is that the operation of a street railway is not a county or governmental function but a proprietary one, carried on by the city under powers derived solely from the charter. (See, with respect to differing functions, *City and County of San Francisco* v. *Collins,* 216 Cal. 187, 191 [13 P.2d 912].) The second answer is that claims against counties under such act must be presented to the board of supervisors, while this was presented to the controller as noted above.

The case is controlled by *Cathey* v. *City and County of San Francisco, supra,* and *Western Salt Co.* v. *City of San Diego, supra.*

The judgment is affirmed.

Dooling, J., and Griffin, J. pro tem, concurred.