[Civ. No. 17710.   First Dist., Div. One.   May 19, 1958.]

JENNIE PARODI, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Sidney N. Brandis and John H. Brill for Appellant.

Dion R. Holm, City Attorney, and Agnes O'Brien Smith, Deputy City Attorney, for Respondent.

BRAY, J.—Plaintiff appeals from a judgment in favor of defendant entered upon a motion made pursuant to section

630, Code of Civil Procedure (granting a previously denied motion for directed verdict after jury fails to reach a verdict).

## QUESTION PRESENTED

Propriety of granting the motion. This depends solely upon whether the variance between the place of accident described in the claim presented to the city and in the original complaint and that described in the amended complaint and in plaintiff's proof is fatal.

## FACTS

Plaintiff's complaint alleged that she was injured while a passenger on defendant's trolley coach through defendant's negligent operation of the coach "near the intersection of Steiner and Broadway Streets," San Francisco. The verified claim which she filed with defendant as required by section 87, San Francisco Charter, stated the place of the accident in identical language. At the trial, plaintiff testified that the accident happened at the intersection of Fillmore and Sutter Streets (some 11 blocks from the other intersection). Defendant's evidence showed that the accident happened at the location given in the claim and the original complaint. Plaintiff was permitted to amend her complaint to state the place of accident in accordance with her testimony, namely, Fillmore and Sutter Streets. The location stated in the claim is a hilly area, while the Fillmore-Sutter area is relatively level. Plaintiff's testimony tended to show that while the coach was stopped at Fillmore and Sutter Streets she endeavored to change her seat on the coach and while doing so the coach started with a jerk, throwing her to the floor. Defendant's evidence tended to show that there was no unusual motion of the coach, but that she fell in trying to change her seat while the coach was making a turn at Steiner and Broadway, and that she had admitted that her fall was her own fault. At the proper times, defendant moved for a nonsuit and for a directed verdict on the ground of the variance between the claim and the amended complaint. These motions were denied. After four hours of deliberation the jury deadlocked and were dismissed. Thereafter defendant moved under section 630 for judgment upon its previous motion for a directed verdict. The motion was granted.

## VALIDITY OF CLAIM

Does the giving of the wrong intersection in the city as the place of the accident invalidate the claim? It is conceded

that this action will not lie unless the claim required by section 87 of the charter be filed.[1] Section 87 provides in part that the claim must include the "place of the occurrence or injury for which damages are claimed . . ."

██ The California cases considering claim statutes have held that substantial compliance with the statute only is required and have set forth what is necessary to constitute substantial compliance. Thus *Silva* v. *County of Fresno* (1944), 63 Cal.App.2d 253, 257-258 [146 P.2d 520], states: ". . . the plain purpose of the statute is to guard the county against imposition by requiring notice of the circumstances of an injury upon which a claim for damages is made so that its authorities may be in a position to investigate the facts as to the time and place and to make proper investigation of the condition of the premises and decide whether the case is one for settlement or litigation. When a notice contains the information necessary for that purpose it is substantial compliance with the statute, but when it falls short of that test it is insufficient."

██ As to what is substantial compliance *Perry* v. *City of San Diego* (1947), 80 Cal.App.2d 166, 169 [181 P.2d 98], says: ". . . it seems clear that the California courts have taken a reasonably liberal view of the claim statutes and that where a reasonable attempt is made to comply with the law in good faith and no intent to mislead or conceal appears the claim will be upheld in the absence of anything indicating that the municipality has been mislead [sic], if the claim substantially conforms to the requirements of the statute."

*Uttley* v. *City of Santa Ana* (1933), 136 Cal.App. 23, 25 [28 P.2d 377], points out: " '. . . when, therefore, there is no evident intention to mislead, but a *bona fide* attempt to comply with the law, the notice is sufficient in the absence of any evidence that it did in fact mislead.' "

Indicative of the liberality of the courts in dealing with notices of this nature are the following situations in which the notices, although apparently defective, were held to be sufficient: failure to specify exact date of injury, *Knight* v. *City of Los Angeles* (1945), 26 Cal.2d 764 [160 P.2d 779]; failure to specify the cause of injury to be the negligence of some particular agent, *Perry* v. *City of San Diego, supra,* 80 Cal.App.2d 166; claim filed with wrong official, *Milovich* v.

---

[1]The law is well settled on this point. (See *Cathey* v. *City & County of San Francisco,* 37 Cal.App.2d 575 [99 P.2d 1109]; *Kornahrens* v. *City & County of San Francisco,* 87 Cal.App.2d 196 [196 P.2d 140].)

*City of Los Angeles,* 42 Cal.App.2d 364 [108 P.2d 960] ; claim stated injured person's school address instead of residence, *Ridge* v. *Boulder Creek etc. School Dist.* (1943), 60 Cal.App. 2d 453 [140 P.2d 990] ; claim gave attorney's address instead of claimant's, *Uttley* v. *City of Santa Ana, supra,* 136 Cal. App. 23; claim did not itemize facts surrounding the injury, *Dillard* v. *County of Kern* (1943), 23 Cal.2d 271 [144 P.2d 365, 150 A.L.R. 1048].

█ Applying the rules above mentioned to the notice of claim here, we do not doubt that it was sufficient. If the accident occurred as claimed by defendant at the place stated in the claim—Steiner and Broadway, then after the accident the coach was moved to the Fillmore and Sutter intersection where admittedly plaintiff was removed from the coach to an ambulance. There is nothing unreasonable in an elderly woman whose hip was broken by a fall in a moving coach, and who is removed at a particular location, mistaking that location for the place of the injury. The city had already taken statements from plaintiff and the coach operator as to the accident, and could have had no difficulty in tying up the claim with these statements and the removal of the injured plaintiff at the location given in the claim. The testimony of a passenger and the statement of the coach operator differed from that of plaintiff in that the former two gave the place of accident as Steiner and Broadway.

The claim was sufficient so that defendant's "authorities may be in a position to investigate the facts as to the time and place . . . and decide whether the case is one for settlement or litigation." (*Silva* v. *County of Fresno, supra,* 63 Cal. App.2d at p. 258.) There is no evidence that plaintiff did not attempt in good faith to comply with the law or that she had any intent to mislead or conceal. This meets the tests of *Perry* v. *City of San Diego, supra,* 80 Cal.App.2d 166, 169, and *Uttley* v. *City of Santa Ana, supra,* 136 Cal.App. 23, 25. In the Silva case, *supra,* the claim generally described the place of injury as "a public highway approximately four miles east of Dos Palos in the County of Fresno." It was held that this was a substantial compliance as the officials charged with investigation were able to locate the place of the accident and make a proper investigation.

█ Defendant makes much of the fact that it came to court prepared to defend the charge of negligent operation of the coach at Steiner and Broadway, and then found that plaintiff was claiming for the first time that the accident

happened at Fillmore and Sutter.[2]  While defendant may have been surprised at the change of location, it was in no wise injured thereby.  It knew that plaintiff was actually injured on the coach in question and knew that there had been only one accident thereon and that according to its witnesses the accident occurred at Steiner and Broadway.  Had the claim given Sutter and Fillmore as the location its proof would not have been any different nor would defendant have settled the case.  It would have attempted to show, as it did, that the accident did not happen at the latter location nor in the manner claimed by plaintiff.  Defendant contends that plaintiff's insistence at the trial that the accident occurred at a different place than that previously stated shows bad faith in making an erroneous claim.  The disagreement of the jury indicates that some of its members believed plaintiff's story as to the location of the accident.

Defendant relies greatly upon *Hall* v. *City of Los Angeles* (1941), 19 Cal.2d 198 [120 P.2d 13], an action for injuries resulting from a defective sidewalk.  The claim did not state the place of the accident.  The court recognized the doctrine of "substantial compliance" but held that the failure to state *any* location was fatal to the claim and could not be considered "substantial compliance."  The Silva case expressly distinguished the Hall case on the ground that in the Silva case an attempt was made to state the place of the accident while in the Hall case there was no such attempt; therefore there could be no substantial compliance.  *Johnson* v. *City of Los Angeles* (1955), 134 Cal.App.2d 600 [285 P.2d 713] (hearing denied by Supreme Court), was an action for injuries resulting from tripping on a defect in a public sidewalk.  The claim placed the accident on the southeast corner of an intersection, whereas at the trial it was stipulated that the accident occurred on the southwest corner.  The court held that the error in location did not make it difficult for the city to locate the defect complained of, and that therefore there was "substantial compliance," and held the claim to be sufficient.  As to the contention of defendant in our case that stating the wrong location is worse than stating no location at all, a similar contention was made in the Johnson case

---

[2]In addition to the claim and the original complaint stating Steiner and Broadway as the place of the accident, plaintiff stated to a policeman when she was being removed from the coach at Fillmore and Sutter and also to an investigator some ten days later that the accident happened at Steiner and Broadway.

and answered (pp. 603, 604) : ''In the present case respondent says that the erroneous designation of *southeast* corner instead of *southwest* corner was more misleading than no designation and made it impossible for the city to locate the defect 'from the claim itself.' It is to be noted that said statement is not a statement that the error made it impossible or difficult for the city to locate the defect;—the statement limited the asserted impossibility to locating the defect 'from the claim itself.' . . . In view of the stipulation that the accident actually occurred at the southwest corner, and since there is no implication or any basis for an implication that the claimant acted in bad faith or intended to mislead by designating the place of the accident, it is apparent that the word 'southeast' was inadvertently used in the claim instead of the word 'southwest.' This is not a case, such as the Hall case, where the designation of the place was so general and indefinite that there was no semblance of compliance with the statute.''

If a claim which erroneously states the place of injury in a defective sidewalk can be held to be sufficient compliance, a claim involving an injury on a moving coach which erroneously places the coach at the wrong intersection should also be sufficient. For notice to the authorities of the place of injury, it would be very important to know the exact place of injury on a sidewalk where the investigating officials must find a hole or other defect in order to make a proper investigation. There the place of injury is tied up materially with the question of liability. In our case, liability is predicated on negligent operation of a moving bus and the exact place where it was at the time of the injury is not as material.

There seems to be a split of authorities in other jurisdictions on the question of a variance between the claim and the proof as to the location of the place of injury. See 52 A.L.R.2d 966, 975; 68 A.L.R. 1532, 1537. In view of the rule in California as hereinbefore shown, we deem it unnecessary to discuss the cases from elsewhere cited by defendant which seem to follow a different rule.[3]

As no contention is made that the judgment in our case was based upon any ground other than the claimed variance be-

---

[3] In *Cohen* v. *City of New York* (1946), 270 App.Div. 1017 [62 N.Y.S. 2d 455], cited by defendant, the lower court held that there was a fatal variance between the claim and the proof, where the claimant in the claim marked the place of the accident with an ''X'' and at the trial testified that the correct place was 100 feet west of the ''X'' in the claim. On appeal, however, the description was held sufficient and the judgment reversed.

tween the claim and the proof, and as we hold that the variance was not sufficient to affect the validity of the claim, it substantially complying with the requirements of the law, the judgment is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied June 18, 1958, and respondent's petition for a hearing by the Supreme Court was denied July 16, 1958.