[Civ. No. 26577. Second Dist., Div. Four. May 22, 1963.]

LEON ILLERBRUN, Plaintiff and Appellant, v. ROBERT B. CONRAD et al., Defendants and Respondents.

Phill Silver for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Victor P. Spero and William B. Burge, Deputy City Attorneys, for Defendants and Respondents.

JEFFERSON, J.—This is an appeal by plaintiff from a summary judgment in favor of defendants.

Plaintiff's complaint alleged that defendants, two police officers in the employ of the City of Los Angeles, entered and searched plaintiff's apartment without a search warrant or other legal authority, arrested plaintiff, seized certain goods belonging to him and accused him of having stolen them. In the course of the arrest defendants allegedly employed an unreasonable amount of physical force upon the person of plaintiff and in addition, cursed and threatened him with violence. It was further alleged that plaintiff was transported to a police station, held in custody for three hours and thereafter released without any charges having been filed against him. Plaintiff alleged that the accusations made against him by defendants were completely false.

Defendants in separate answers denied that excessive or unreasonable force was used or that they threatened or used abusive language toward plaintiff. In addition, defendants stated facts allegedly constituting reasonable and probable cause for the search, seizure and arrest of plaintiff.

Thereafter, defendants moved for a summary judgment and in support thereof each filed a declaration setting forth the circumstances under which the arrest was made and further reciting that they had never been presented by plaintiff, or by anyone purporting to act on his behalf, with claims for damages arising out of the facts alleged in plaintiff's complaint. Additional supporting documents filed by defendants included the declaration of a deputy city clerk stating that no

claim had been filed in the office of the city clerk by plaintiff or by anyone acting in his behalf, and a certified copy of the City of Los Angeles Ordinance No. 114,957. Plaintiff filed no affidavit or declaration in opposition to the motion.

Plaintiff admits he did not file a claim for damages as required by sections 363 and 376 of the Charter of the City of Los Angeles. The sole question raised in this appeal is whether failure to file the claim is in the nature of a defense in abatement which could be waived if not timely raised, or whether it is an integral part of plaintiff's cause of action.

The applicable portions of charter sections 363 and 376 and ordinance number 114,957 are as follows:

In section 363 it is stated ''Every claim for money or damages against the city, *or any officer,* board or department thereof, . . . shall be filed with the City Clerk. . . .'' (Italics added.) Section 376 provides, ''No suit shall be brought on any claim for money or damages against the City of Los Angles, *or any officer* or board of the city, until a demand for the same has been presented, as herein provided, and rejected in whole or in part. . . . Except in those cases where a shorter period of time is otherwise provided by law, all claims for damages against the city must be presented within six (6) months after the occurrence from which the damages arose, and all other claims or demands shall be presented within six (6) months after the last item of the account or claim accrued.'' (Italics added.)

Ordinance 114,957, passed November 2, 1959, and described as ''an ordinance establishing a definition of the term 'officer' as used and referred to in sections 363 and 376 of the Los Angeles City Charter,'' provides in section 1: ''The term 'officer' as used in sections 363 and 376 of the Los Angeles City Charter, shall include any employee of the City of Los Angeles representing said City in the regular scope of his employment in the enforcement of the laws and ordinances of said City, the State of California, or the United States of America, *including City police officers.* . . .'' (Italics added.)

Plaintiff contends that failure to comply with the charter provisions requiring the presentment of a claim for damages is in the nature of a plea in abatement, an affirmative defense, which must be timely raised in the action or is waived. It is argued by plaintiff that the trial court erred in permitting defendants ''to avail themselves of this affirmative defense'' in the motion for summary judgment despite the fact the

"affirmative defense" was not pleaded in defendant's answer or by a demurrer. Plaintiff contends defendants should not have been permitted to avail themselves of this defense after delaying the making of the motion until after the statutory period for filing claims had elapsed. Plaintiff's contentions are not supported by the case law of this state.

A plea in abatement does not challenge the merits of an action, but merely objects to defects in the procedure used for asserting the cause of action. "A plea in abatement, without disputing the justness of plaintiff's claim, objects to the place, mode, or time of asserting it. . . ." (*Nevills* v. *Shortridge*, 146 Cal. 277, 278 [79 P. 972].)

The filing of a claim for damages, as required by city charter and ordinance provisions, is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendants, in short, an integral part of plaintiff's cause of action. (*Farmers & Merchants' Bank of Los Angeles* v. *City of Los Angeles*, 151 Cal. 655 [91 P. 795]; *Cathey* v. *City & County of San Francisco*, 37 Cal.App.2d 575 [99 P.2d 1109]; *Slavin* v. *City of Glendale*, 97 Cal.App.2d 407 [217 P.2d 984].)

In the case of *Whitson* v. *LaPay*, 153 Cal.App.2d 584 [315 P.2d 45], plaintiff sued a police officer of the City of Long Beach for an alleged assault. Defendant subsequently filed a motion for summary judgment and established that plaintiff had not complied with the claim provisions of the Long Beach ordinance, in that he had failed to file a claim with the city clerk. At page 588 the court stated ". . . it does not appear that a triable issue of fact is presented relating to the filing of a verified claim complying with the ordinance provisions. . . ." The court further stated: "The question then presented is whether the filing of a verified claim as a condition precedent to filing suit as required by the ordinance provisions is essential to a recovery by the plaintiff. The question must be answered in the affirmative."

Plaintiff cites a number of cases to support his position. All are inapplicable to the instant case. They either involve the issue of estoppel or the recognized plea in abatement, prematurity of action brought, neither of which is involved in this case. In *Fireman's Fund Indemnity Co.* v. *Knorr*, 117 Cal.App.2d 761 [256 P.2d 1005], one of the cases cited by plaintiff, the court, in discussing the issue of whether the action was prematurely brought, stated at page 764: "The (trial) court did not find, and could not have found, that

plaintiff had not presented *any* claim, but did find: 'That plaintiff did not file or present any claim . . . , *prior to commencement of this action.*' " The question was not whether he had to file a claim but, whether having filed it after the action was filed, he was precluded from proving it at the trial.

*Redlands High School District* v. *Superior Court*, 20 Cal.2d 348 [125 P.2d 940], also cited by plaintiff, actually supports the trial court's ruling. The school district applied for a writ of certiorari to annul the judgment of the trial court upon the ground that the filing of a verified claim is a jurisdictional prerequisite under the statute. The Supreme Court held that the requirement of filing a claim is one which goes to the elements of plaintiff's right to recover, rather than to the power of the court. The court stated at page 358: "Any plaintiff therefore, must fulfill the mandatory requirement that a verified claim be filed as a prequisite to maintaining a suit under the statute and failure to file such a claim is fatal to the cause of action. [Citations.] "

Judgment is affirmed.

Burke, P. J., and Kingsley, J., concurred.