[Civ. No. 19992. Fourth Dist., Div. Two. Jan. 23, 1979.]

FRANK JOSEPH ROSSITER, Plaintiff and Appellant, v.
PAUL J. BENOIT et al., Defendants and Respondents.

COUNSEL

Sills, Dougherty & Hendrickson and Ray Hendrickson for Plaintiff and Appellant.

Roberts, Mead, Harrison & Dougherty and Greg C. Middlebrook for Defendants and Respondents.

OPINION

**DOMENICHINI, J.**\*—This appeal is from a judgment of dismissal with prejudice entered against the plaintiff after. a general demurrer of the defendants, Paul J. Benoit and Michael Hern, was sustained without leave to amend.

### COMPLAINT AND DEMURRER

On May 23, 1977, plaintiff filed his complaint in Orange County.

Plaintiff brings his action under the federal Civil Rights Act, 42 United States Code section 1983,[1] to redress the deprivation of his civil rights. He alleges defendants Benoit and Hern, City of Riverside police officers, and Stevens, a licensed security guard, all acting as law enforcement officers, under color of law, unlawfully and without probable cause, arrested and booked him in the Riverside County jail on June 11, 1974, for violation of California Penal Code section 647, subdivision (f), drunk in public. As a result of defendants' unlawful conduct, plaintiff was "falsely imprisoned against his will"; had "his freedom . . . severely curtailed"; "received a permanent arrest record"; and "was greatly humiliated and mortified," causing him to suffer "severe and permanent emotional distress and mental anguish," all to his damage. On July 24, 1974, plaintiff alleges, after the State of California presented its case, plaintiff's motion for dismissal was granted to the charge.

---

\*Assigned by the Chairperson of the Judicial Council.

[1]United States Code section 1983 reads as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The parties, with the exception of Stevens, who apparently was not served and never appeared, through their counsel, stipulated to transfer venue from Orange to Riverside County. Benoit and Hern filed their demurrer. On the first date set for plaintiff's hearing, the demurrer was continued at plaintiff's request.

Defendants' demurrer stated three grounds: (1) no jurisdiction by the court of the subject of the cause of action; (2) the complaint fails to state facts sufficient to constitute a cause of action; and (3) the complaint fails to state a cause of action in that it appears on its face to be barred by the statute of limitations. The demurrer was sustained without leave to amend on the ground, "that the complaint fails to state facts sufficient to constitute a cause of action . . . for emotional distress and mental anguish . . . and . . . is barred by the Statute of Limitations."

Defendants in their points and authorities in support of their demurrer stated facts and attached four exhibits not mentioned in the complaint, namely: (1) Plaintiff's letter of 9/9/74, to City of Riverside, claiming he was falsely arrested, imprisoned and damaged thereby; (2) city's response dated 9/12/74, providing plaintiff with a claim form; (3) plaintiff's claim form presented to city 9/19/74, claiming damages from the city and the two demurring defendants as city employees; (4) city's notice of rejection of claim dated 10/30/74, warning plaintiff he had only six months to file his court action and referred him to Government Code section 945.6.

ISSUES

I

DEFENDANTS PRECLUDED FROM FILING DEMURRER

Under the section, issues presented, plaintiff's brief states: "Was the stipulation to change venue entered into by plaintiff and defendants' counsel a general appearance by defendants' counsel thereby precluding his demurrer to plaintiff's complaint?" Conspicuous by its absence in plaintiff's brief is any argument, statement, comment, citation, authority or reference to this stated issue. ■ " 'Contentions supported neither by argument nor by citation of authority are deemed to be without foundation, and to have been abandoned.' [Citation omitted.]" (*Estate of Randall* (1924) 194 Cal. 725, 728, 729 [230 P. 445].) Nor is an appellate court required to consider alleged error where the appellant merely complains of it without pertinent argument. (*Strutt* v. *Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873 [105 Cal.Rptr. 395].) Since

plaintiff does not address the issue, we treat it as abandoned and comment no further.

## II

### DEFENDANTS' SPEAKING DEMURRER

Another error claimed by plaintiff is that defendants have gone beyond the face of the complaint in their demurrer and brought in evidentiary matter and make allegations of fact in their papers in support of their demurrer, referring to the four exhibits listed above. Yet, in plaintiff's statement of facts he lists factual information obtained from these very exhibits and not alleged in his complaint. He appears to be breathing hot and cold—complains of them then refers to them.

We were not furnished with a transcript of the hearing of the demurrer. The only record on appeal before us is the clerk's transcript. In the clerk's transcript, defendants' points and authorities in support of their demurrer, which includes argument, has the four exhibits listed above attached. Defendants argue that plaintiff had six months from the date the city rejected his claim to file an action in accordance with Government Code section 945.6 and, therefore, his cause of action was barred. Or, even without the six months' statute of limitations under Government Code section 945.6, since the plaintiff's cause of action alleges false arrest and false imprisonment, the statute of limitations is one year under Code of Civil Procedure section 340, subdivision 3; and since his action was not filed prior to June 11, 1975, one year from the date of the incident, it is barred.

There is nothing in the record before us to show the trial court was requested to take judicial notice of the four exhibits or that they were matters the court could judicially notice. Plaintiff's response to the demurrer does not object to the exhibits or make any reference whatsoever to the exhibits or defendants' argument in reference to them. We do not actually know therefore whether the court considered or ignored the exhibits and arguments, if any, in connection with them. Without a transcript of the hearing on the demurrer, we have no idea what grounds were actually advanced or what arguments were made in the trial court in support of or in opposition to the demurrer. There is no reference in the clerk's transcript which confirms, or even refers to the contention plaintiff now makes that defendants' demurrer extended beyond matters shown on the face of the complaint.

The plaintiff must affirmatively show error by an adequate record. (*Calhoun* v. *Hildebrandt* (1964) 230 Cal.App.2d 70, 72 [40 Cal.Rptr. 690]; see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 373, p. 4345.) Error is never presumed. It is incumbent on the plaintiff to make it affirmatively appear that error was committed by the trial court. (*Richard* v. *Richard* (1954) 123 Cal.App.2d 900, 902 [267 P.2d 867]; *Utz* v. *Aureguy* (1952) 109 Cal.App.2d 803, 806 [241 P.2d 639].) Points not urged in the trial court may not be urged for the first time on appeal. (*Damiani* v. *Albert* (1957) 48 Cal.2d 15, 18 [306 P.2d 780]; *Buckley* v. *Savage* (1960) 184 Cal.App.2d 18, 32 [7 Cal.Rptr. 328].) This is a general rule of appellate review. (See 5 Cal.Jur.3d, Appellate Review, § 480, p. 117.) █ "A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . ." (Orig. italics.) (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 235, p. 4225.)

█ We are not permitted to speculate whether the lower court did or did not consider the exhibits attached to defendants' demurrer, the allegations therein and the arguments based on them. It is plaintiff's burden to affirmatively show error. He has not met this burden. The judgment is presumed correct, which means the trial court acted properly in making the judgment. The point was never raised in the lower court according to the record before us, and hence unavailable to plaintiff now to claim error. There is no error shown by plaintiff on this issue.

III

APPLICABILITY OF GOVERNMENT CODE
SECTION 900 ET SEQ. TO A FEDERAL
CIVIL RIGHTS SUIT

█ Are the provisions of Government Code section 900 et seq. applicable to a suit brought pursuant to the federal Civil Rights Act, 42 United States Code section 1983?

In *Williams* v. *Horvath* (1976) 16 Cal.3d 834, 842 [129 Cal.Rptr. 453, 548 P.2d 1125], the Supreme Court analyzed the history and purpose of California Tort Claims Act (Gov. Code, tit. 1, div. 3.6, § 810 et seq.) and the federal Civil Rights Act:

"Similarly, the California remedy of recourse to the Tort Claims Act need not be first sought before a plaintiff is free to invoke the Civil Rights Act. While there may be considerable overlap between the two statutes in

given circumstances, the purposes underlying them are distinct. The state scheme, as noted at the outset, was conceived to strictly limit governmental liability; the federal legislation, by contrast, was designed to ensure an adequate remedy for violations of civil rights. The 100-day claim provision of section 911.2 is a condition precedent to the maintenance of an action under state law. [Citations omitted.] As aptly described in *Illerbrun* v. *Conrad* (1963) 216 Cal.App.2d 521, 524 [31 Cal.Rptr. 27, 29], the filing of a claim for damages 'is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendants, in short, an integral part of plaintiff's cause of action.' And while it may be constitutionally permissible for the Legislature to place this substantive impediment in the path of a state cause of action, it is clear that the supremacy clause will not permit a like abrogation of the perquisites of a federal civil rights litigant.

"Accordingly, we hold that the claim provision of section 911.2 is inoperative in an action brought under section 1983. Thus the fact that plaintiffs in the case at bar did not allege compliance with this provision is irrelevant to their claim under the Civil Rights Act. . . ."

The *Williams* case decided Government Code section 911.2 claims presentation requirement need not be met in order to file an action based on 42 United States Code section 1983. The language is broad enough in our opinion to embrace the proposition that no part of the California Tort Claims Act, including but not limited to the statute of limitations stated therein, is applicable when the federal Civil Rights Act is invoked and so hold.

It is difficult for us to ignore the four exhibits attached to defendants' demurrer indicating that on 9/9/74 within 90 days after the alleged incident of June 11, 1974, plaintiff filed a letter claim with the City of Riverside, and, on the 100th day (9/19/74) followed his letter claim with a formal claim furnished by the City of Riverside. In this 9/19/74 claim the plaintiff claimed against the city and the two defendants. In this civil rights suit the plaintiff claims only against the two individual defendants and not the City of Riverside. Although we know not whether the trial court did or did not consider the exhibits, we have to comment on them because the parties in their briefs refer to these exhibits.

Assuming the lower court did consider the exhibits in ruling on the claim, if we follow the reasoning of the *Williams* court, since no claim had to be filed under section 911.2 of the Government Code, no statute of limitation (six months from rejection of the claim) would be applicable.

Plaintiff did not have to seek a remedy under the Tort Claims Act but was free to invoke the federal Civil Rights Act, which he did. The two acts may overlap, but are separate and distinct. In *Williams* the court did not consider the implications when a claim had in fact been presented under Government Code section 911.2; then rejected by the entity with a notice that the action must be filed within six months from date of rejection; followed by the claimant waiting almost three years to file a state court action under the federal Civil Rights Act. Nor did the court in *Williams* address itself to the one-year statute of limitations because the action was filed within one year after the cause of action arose.

The *Williams* case was not unlike the allegations set forth in the case at bar. In *Williams* plaintiffs filed against two named and ten unnamed police officers, alleging they deprived plaintiffs of civil rights guaranteed by the United States Constitution by "deliberately assaulting and battering plaintiff[s] without just cause or provocation, by imprisoning plaintiff[s] without reasonable cause or warrant, and by willfully threatening to shoot and injure plaintiff[s]."

If we needed to rule on the point in this case, in our opinion, the *Williams* case language is broad enough to hold the statute of limitations requirements of the California Tort Claims Act (six months from notice of rejection of claim) are not applicable when a person files an action under the federal Civil Rights Act.

## IV

### APPLICABLE STATUTE OF LIMITATIONS

 What is the applicable statute of limitations for a cause of action brought in a state court under the federal Civil Rights Act?

The incident upon which plaintiff bases his cause of action allegedly occurred June 11, 1974. The complaint for damages under the Civil Rights Act was filed May 23, 1977. The time lapsing between the incident and the filing of the complaint is 2 years, 11 months, 12 days. The issue narrows itself down to whether the one- or three-year statute of limitations applies. Plaintiff says three years; defendants one year. We had no state court dealing with this issue. Most of the cases cited by counsel dealt with the question of applying the statute of limitations in cases brought in federal court as opposed to state court.

The Civil Rights Act creates a cause of action in favor of those deprived of their rights under color of state law. Section 1983 was enacted to provide a remedy for civil rights violations where state law is inadequate and to provide a federal remedy where the state remedy is not available in practice. There is virtually no limit on the types of causes of action section 1983 will allow. The act does not provide any statute of limitations.

Since there is no federal statute of limitations, what statute of limitations applies? ▪ The question is answered in *McIver* v. *Russell* (D.Md. 1967) 264 F.Supp. 22 at page 25: ". . . No federal statute provides any limitations period with regard to 42 U.S.C. § 1983. Therefore: 'The time for filing an action under the Federal Civil Rights Act is controlled by the applicable state statute of limitations.' West v. Board of Educ., 165 F.Supp. 382, 387 (D.Md. 1958)."

Code of Civil Procedure section 340, subdivision 3 reads: "Within one year:

". . . . . . . . . . . . . . . . . . . .

"3. An action for libel, slander, assault, battery, false imprisonment, . . ."

Code of Civil Procedure section 338, subdivision 1 reads: "Within three years:

"1. An action upon a liability created by statute, other than a penalty or forfeiture."

Plaintiff asserts his complaint is based on a liability created by statute (42 U.S.C. § 1983) and the three-year statute of limitations is applicable. Defendants argue plaintiff's complaint is one for false imprisonment and the one-year statute of limitations applies.

Federal courts, under one approach, have determined what the complaint alleges and applied the statute of limitations governing that particular tort. The statute of limitations applied is that which would be applicable in the courts of the state in which the federal court is sitting had an action seeking similar relief been brought under state law. In *Kenney* v. *Killian* (W.D.Mich. 1955) 133 F.Supp. 571, 575, an action was filed under section 1983 alleging in effect an action for false imprison-

ment. The court applied the statute of limitations for false imprisonment and found the cause of action barred. In *Ka-Haar, Inc.* v. *Huck* (E.D.Wisc. 1972) 345 F.Supp. 54, 56 the court stated federal civil rights actions are limited by state limitations on analogous state tort actions. In *Polite* v. *Diehl* (3d Cir. 1974) 507 F.2d 119, 122, the Third Circuit United States Court of Appeals did likewise.

A different approach is taken in the Ninth Circuit United States Court of Appeals. *Smith* v. *Cremins* (9th Cir. 1962) 308 F.2d 187, 189, involved an action brought under the Civil Rights Act two years after the incident occurred, claiming defendant police officers seized plaintiff and detained him for 10 minutes without a warrant thereby depriving him of federal constitutional rights. Starting at page 189, the *Smith* court states:

"In determining which period of limitation to apply to an action under a particular federal statute, the federal court accepts the state's interpretation of its own statutes of limitations, but determines for itself the nature of the right conferred by the federal statute.

"The California courts have held that an action is based 'upon a liability created by statute,' within the meaning of Section 338(1), if the liability would not exist but for statute. Or, conversely, an action is not based 'upon a liability created by statute' if the right is one which would exist at common law in the absence of statute. Though broadly stated, the distinction drawn is sufficiently discriminating for the present case.

"Section 1983 of the Civil Rights Act clearly creates rights and imposes obligations different from any which would exist at common law in the absence of statute. A given state of facts may of course give rise to a cause of action in common-law tort as well as to a cause of action under Section 1983, but the elements of the two are not the same. The elements of an action under Section 1983 are (1) the denial under color of state law (2) of a right secured by the Constitution and laws of the United States. Neither of these elements would be required to make out a cause of action in common-law tort; both might be present without creating common-law tort liability. As Mr. Justice Harlan recently suggested, 'a deprivation of a constitutional right is significantly different from and more serious than a violation of a state right and therefore deserves a different remedy even though the same act may constitute both a state tort and the deprivation of a constitutional right.' " (Fns. omitted.)

Likewise in *Beauregard* v. *Wingard* (S.D.Cal. 1964) 230 F.Supp. 167, 171, although the complaint had allegations which resemble those found

in California actions for false arrest and for malicious prosecution, the one-year statute of limitations was not applicable. A new cause of action was created by the Civil Rights Act, and it held California Code of Civil Procedure section 338, subdivision 1 providing that actions on liability created by statute must be brought within the three years is applicable to an action in a California federal court under 42 United States Code section 1983. (See also *Donovan* v. *Reinbold* (9th Cir. 1970) 433 F.2d 738, 741; *Mills* v. *Small* (9th Cir. 1971) 446 F.2d 249.)

■ Code of Civil Procedure section 338, subdivision 1 establishes a three-year statute of limitations period for "An action upon a liability created by statute . . . ." It is noted in 2 Witkin, California Procedure (2d ed. 1970) Actions, section 342, page 1183: "This section applies only where the liability is embodied in a statutory provision *and* was of a type which did not exist at common law." A definition is found in *Gardner* v. *Basich Bros. Construction Co.* (1955) 44 Cal.2d 191, 194 [28 P.2d 521]: "A liability created by statute is one in which no element of agreement enters. It is an obligation which the law creates in the absence of an agreement."

In the instant case, no liability would exist for deprivation of a person's civil rights except for the federal statute (42 U.S.C. § 1983). No common law liability would attach for violation of a person's constitutional rights. The rights under section 1983 and rights arising under state common law, although similar, are distinct, and while the same set of facts may give rise to violation of section 1983 and the state common law, are not coterminous and essential elements not necessarily the same. The mere arrest without grounds of a person by police officers acting under color of law, as alleged in plaintiff's complaint, may be a violation of a federal constitutional right.

We conclude that section 338, subdivision 1 of the Code of Civil Procedure (three-year statute) is the controlling statute of limitations in this case. The plaintiff's action is not barred. Plaintiff had until June 11, 1977, to file his action under the federal Civil Rights Act and did in fact file prior to that date, to wit, May 23, 1977. The defendants' demurrer on the grounds that the complaint fails to state a cause of action in that it is barred by the statute of limitations should have been overruled.

■ We further hold that the demurrer to the complaint on the grounds the complaint does not state facts against the demurring defendants for emotional distress and mental anguish should have been overruled. Plaintiff's complaint states the elements of a cause of action

under section 1983 in alleging the denial under color of state action and law of a right secured by the Constitution and law of the United States.

We do not address the other grounds set forth in plaintiff's opening brief in view of our ruling.

Judgment of dismissal is reversed. The trial court is directed to overrule the demurrer and allow defendants a reasonable period of time to plead. Each party is to bear his own costs.

Tamura, Acting P. J., and Morris, J., concurred.