Filed 12/16/14  Griggs v. Branca CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KIMBERLY GRIGGS,<br><br>　　　Plaintiff and Appellant,<br><br>　　v.<br><br>JOHN BRANCA et al., as Co-Executors, etc.,<br><br>　　　Defendants and Respondents. | B252194<br><br>(Los Angeles County Super. Ct. No. BC491918) |

　　　　APPEAL from an order of the Superior Court of Los Angeles, Mitchell L. Beckloff, Judge.  Affirmed.

　　　　Kimberly Griggs, in pro. per., for Plaintiff and Appellant.

　　　　Kinsella Weitzman Iser Kump & Aldisert, Howard Weitzman, Jeremiah T. Reynolds, Katherine T. Kleindienst, for Defendants and Respondents.

_____

Plaintiff Kimberly Griggs appeals from the June 3, 2013 order of dismissal of her complaint against defendants and respondents John Branca and John McClain, Executors of the Estate of Michael J. Jackson.  We affirm because Griggs has failed in several respects to present a record adequate for appellate review.

The record on appeal contains no reporter's transcript or suitable substitute, such as a settled or agreed statement.  The clerk's transcript consists of the following documents:  (1)  the Los Angeles Superior Court case summary; (2)  notice that Griggs's action is transferred, apparently from the San Diego Superior Court, to the probate department of the Los Angeles Superior Court; (3)  a second amended complaint; (4)  the June 3, 2013 judgment entered after a hearing on defendants' motion to dismiss Griggs's action for failure to file an amended complaint; (5)  notice of entry of judgment; and (6) the notice of appeal indicating Griggs's intent to proceed by clerk's transcript without a record of oral proceedings.

According to the briefs of the parties on appeal, the trial court on January 8, 2013, sustained a demurrer to Griggs's second amended complaint with leave to amend.  A hearing was held on March 27, 2013, on defendants' motion to dismiss for failure to file an amended complaint.  The court, after considering the written motion to dismiss and oral argument, granted the motion and dismissed the action with prejudice.  The judgment of dismissal was signed on June 3, 2013.

"It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record.  [Citation.]"  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)  "'A judgment or order of the lower court is *presumed correct.*  All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .'  (Orig. italics.)  [Citation.]"  (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)

The clerk's transcript is defective in two respects.  First, it does not include the trial court's ruling on the demurrer to the second amended complaint.  Second, defendants' motion to dismiss, which was granted and served as the basis for the

dismissal, is also absent from the record. Without these essential documents, we cannot determine if the dismissal was properly entered.

The record is also defective due to the absence of a record of the oral proceedings in connection with the motion to dismiss. The trial court heard oral argument on the motion to dismiss. Without a reporter's transcript, or settled or agreed statement, we cannot determine whether the trial court abused its discretion in dismissing the action. "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters.* To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 153-154.)" (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) Numerous appellate court have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. (See *Foust v. San Jose Const. Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187 [citing various California Supreme Court and Court of Appeal opinions applying the rule].)

Based on the inadequacy of the record, we affirm the judgment. Costs on appeal are awarded to defendants.


KRIEGLER, J.


We concur:



TURNER, P. J.                                    GOODMAN, J. [*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3