Filed 4/9/15  Hernandez v. Mallchok CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| LOUIS HERNANDEZ, | B255580 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC532838) |
| v. | |
| SHELLEY MALLCHOK, | |
| Defendant and Respondent, | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Barbara A. Meiers, Judge.  Affirmed.

Louis Hernandez, in pro. per., for Plaintiff and Appellant.

Bryan Cave, James C. Pettis and Nancy Franco for Defendant and Respondent.

_____

Plaintiff and appellant Louis Hernandez appeals from the judgment of dismissal after the court sustained without leave to amend the demurrer of defendant and respondent Shelley Mallchok to Hernandez's complaint. We conclude that Hernandez failed to state a viable cause of action against Mallchok and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from actions allegedly taken by Mallchok in one or more prior proceedings. Mallchok is the Vice President of Finance and Chief Financial Officer of MALDEF Property Management Corporation (landlord).[1] Hernandez is the President of Community Family Counseling Programs (tenant), which provides assistance to members of the low-income Latino community. Tenant rented office space from landlord.

At some point, landlord sought to relocate tenant's office to a different floor of its building. Although tenant did not want to move to the different space, the record suggests that an agreement was reached under which tenant moved from the seventh floor to the ninth floor of the building.

Thereafter, tenant allegedly fell behind in its rent payments, causing landlord, on July 12, 2013, to bring a complaint in unlawful detainer against tenant (the unlawful detainer action). The case was to be tried on August 20, 2013, at which time a settlement was reached. Hernandez signed the settlement agreement on behalf of tenant, and consented to the agreement in open court, with the presence of counsel. Judgment was

---

[1] Hernandez contends that Mallchok acted improperly by using the term "MALDEF" as a shorthand reference to landlord, in that use of the term "MALDEF" deceptively suggested that landlord should be accorded the dignity and respect given the Mexican American Legal Defense and Educational Fund. There was no deception. Landlord is not improperly relying on the MALDEF name; Hernandez previously alleged that landlord was a subsidiary of the Mexican American Legal Defense and Educational Fund. Regardless of the presence or absence of any relationship between the two entities, it is undisputed that the first word of landlord's full name is, in fact, MALDEF; there is therefore nothing inappropriate in using the word in reference to the entity.

entered pursuant to the agreement.**2**  The terms of judgment required tenant to leave the premises by October 4, 2013.

On October 24, 2013, Hernandez, in his individual capacity, brought a small claims action against landlord, seeking damages for landlord's alleged failure to return his security deposit and breach of an alleged agreement to pay his moving expenses (the small claims action).  Hernandez also alleged, in that action, that landlord had harassed and intimidated him in order to illegally eject him from the seventh floor office space in order to better accommodate tenants it preferred, in violation of his civil rights.  On January 14, 2014, judgment was entered in favor of landlord in the small claims action.

On January 9, 2014, shortly before judgment was entered in the small claims action, Hernandez, acting in pro. per., brought the current action against Mallchok.  His complaint alleges that Mallchok engaged in a course of deliberate bullying and malicious action in order to force tenant out of its seventh floor office in landlord's building.  Hernandez purported to plead three causes of action:  (1) fraud, in connection with a January 2012 notice to quit which allegedly falsely indicated *Hernandez* owed *Mallchok* $1,983.15, and an unidentified August 13, 2013 fraudulent document Mallchok submitted to the court in connection with the unlawful detainer action; (2) violation of civil rights, in that Mallchok allegedly forced Hernandez into a less favorable office in order to give the better, seventh floor, space to a non-Latino tenant; and (3) coercion, in that Mallchok, on August 30, 2013, [*sic*] "while surrounded by lawyers," coerced Hernandez into signing a document containing fraudulent numbers.**3**

---

**2**    The terms of the judgment were to be confidential, unless tenant breached them. Because of the confidentiality, when Mallchok sought judicial notice of the judgment, she submitted it conditionally under seal.  The trial court in this matter ordered the judgment unsealed.  We take judicial notice of the superior court file in this case, as it includes the unlawful detainer judgment and other relevant documents omitted from the clerk's transcript.

**3**    Hernandez's complaint refers to August 30, 2013; Mallchok assumed this was simply a drafting error, and that Hernandez was referring to the unlawful detainer judgment of August 20, 2013.

3

Mallchok demurred to the complaint on multiple grounds. Among other things, Mallchok argued that: (1) Hernandez lacked standing to bring causes of action belonging to tenant; (2) any causes of action arising out of the lease were mooted by the judgment in the unlawful detainer action; (3) Hernandez failed to plead the elements of the causes of action for fraud and violation of civil rights, and there is no cause of action for coercion; and (4) to the extent Hernandez alleges improper activity by Mallchok in connection with the unlawful detainer judgment signed on August 20, 2013, Mallchok was not even present at court that day. The motion was supported by a request for judicial notice of documents filed in the unlawful detainer and small claims actions, and a declaration of Mallchok's counsel. Hernandez did not oppose the admission or consideration of any of the evidence on which Mallchok relied, and the court ultimately granted the request for judicial notice.

Hernandez opposed the demurrer, arguing that the prior course of litigation between landlord and tenant was irrelevant, as this action pertained *only* to Mallchok's personal course of action of harassment, humiliation, coercion, and the submission of false documents to the court in order to force him out of the seventh floor of the building in favor of other tenants. Hernandez made no effort to argue that he had properly alleged the elements of his three causes of action, or that he could amend his complaint to do so, but simply stated that he was prepared to prove his allegations before a jury. He accepted Mallchok's representation that she had not been present in court on August 20, 2013, arguing that this proved fraud, in that Mallchok was "fully aware" that the documents she had submitted for trial in the unlawful detainer action were fraudulent, and she did not attend trial because she feared committing perjury.

Argument was held on March 11, 2014. Mallchok's counsel, who is located in San Francisco, appeared by telephone. Hernandez appeared in person, but was late, having mistakenly gone to the wrong courtroom. When he entered court, he heard the court conversing with Mallchok's counsel. After the proceedings ended, Hernandez identified himself, and the court briefly discussed the matter with him.

4

The court sustained the demurrer without leave to amend. Judgment was subsequently entered, dismissing the action. Thereafter, Hernandez moved to vacate the "default judgment," although no default judgment had been entered, on the basis of his mistake in not timely attending argument. On April 17, 2014, the court heard argument on the motion to vacate, treating it as a motion for relief from the dismissal. The court permitted Hernandez to argue what he would have argued in response to the demurrer. Concluding Hernandez's presentation added nothing to his papers and therefore made no difference to the trial court's prior ruling, the court denied the motion. Hernandez filed a timely notice of appeal.[4]

## DISCUSSION

1. *Standard of Review*

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.

---

**4** In his designation of the record on appeal, Hernandez requested that the "[t]apes" of the hearings on Mallchok's demurrer and his motion to vacate (which he described as the tapes of telephone conversations between the court and Mallchok's counsel) be included in the clerk's transcript. Hernandez infers some impropriety by the failure of the clerk to include these tapes in the clerk's transcript. We make no such inference. The minute orders of the two hearings in question indicate that no court reporter or electronic recording monitor was present. Thus, no reporter's transcript of the hearings could be prepared, and no recordings of the hearings exist.

5

[Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff.  [Citation.]"  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

2.       *Hernandez's Complaint Fails to State a Cause of Action*

Hernandez's complaint purports to state three causes of action:  fraud, violation of civil rights, and coercion.  His allegations are insufficient as a matter of law to establish any of these causes of action.

A cause of action for fraud consists of the following five elements: (1) misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5) resulting damages.  (*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1469.) Hernandez's complaint fails to meet this standard.  Although it makes reference to a purportedly fraudulent notice to quit served in January 2012, and unknown fraudulent documents submitted to court on August 13, 2013, it fails to allege any of the other elements.  More importantly, a plaintiff cannot pursue a separate cause of action against a defendant for testifying falsely or proffering false evidence in a prior litigation.  False evidence must be discovered and exposed in the first trial, in order to avoid multiplicity of litigation.  (*Kachig v. Boothe* (1971) 22 Cal.App.3d 626, 633, 640-641.)  The principle of finality of judgments prohibits attacking a prior judgment for intrinsic fraud.  (*Id*. at pp. 632-633.)

As to Hernandez's cause of action for violation of his civil rights, his complaint simply enumerates several constitutional provisions, and alleges that Mallchok violated those rights by using coercive, malicious, and blackmail tactics to force him to move from his seventh floor office to the less favorable office on the ninth floor, in order to favor non-Latino tenants.  Yet *Hernandez* had no right to occupy any office in landlord's building because the lease was in the name of *tenant*.  Hernandez makes no argument that the tenancy right somehow belonged to him, rather than tenant; he therefore has failed to state a cause of action for violation of his civil rights.

6

Hernandez's final cause of action is for coercion. Hernandez has not identified, nor has independent research disclosed, any authority supporting the proposition that California recognizes a cause of action for coercion.

3.      *There is No Reasonable Probability that Hernandez Could Amend*

In his brief on appeal, Hernandez argues, for the first time, several other purported acts of wrongdoing on the part of Mallchok. Specifically, he contends: (1) Mallchok submitted a fraudulent accounting in the small claims action; (2) the unlawful detainer judgment was itself improper, in that, when tenant's attorney could not be present, landlord's attorney recruited another lawyer to represent tenant in settlement negotiations; (3) the small claims judgment was improper in that the trial court denied Hernandez the right to be heard; (4) in 2012, before any litigation began, a representative of landlord's parent, the Mexican American Legal Defense and Educational Fund, had promised Hernandez a compromise regarding the office space dispute, which Mallchok refused to put into effect. None of these acts, even if established by Hernandez, could support the basis of a cause of action against Mallchok.

To the extent Hernandez challenges Mallchok's alleged submission of a fraudulent document in the small claims action, the principle of finality of judgments prohibits this attack. (*Kachig v. Boothe, supra,* 22 Cal.App.3d at p. 633.) To the extent Hernandez contends he was denied fair hearings in the unlawful detainer and small claims actions, Hernandez is not seeking to set aside the judgments in those prior actions for extrinsic fraud, and – even if he sought to do so – could not bring such an action against *Mallchok*, who was not a party to either action. Indeed, as Hernandez concedes, because Mallchok was not present when the unlawful detainer action settled on August 20, 2013, she could in no way be responsible for the attorney who purportedly was selected by landlord to represent tenant at the last minute. Finally, as to any suggestion that Mallchok breached a promise regarding office space made to Hernandez by a representative of landlord's parent organization, Hernandez does not allege that Mallchok was legally bound by that

7

promise and, in any event, the dispute regarding office space was resolved by settlement in the unlawful detainer action.

4.    *Hernandez has Not Established He Was Denied a Fair Hearing*

Hernandez argues that he was denied a fair hearing in this case. He argues that he was denied a hearing on the demurrer when he arrived late. He further notes that, when he entered court in the middle of defense counsel's argument to the court, the court's conversation with counsel sounded friendly and cordial, which Hernandez believes to be suspicious.

Even if Hernandez was initially denied a hearing on the demurrer, when he subsequently moved to vacate the dismissal, he was given a full opportunity to make the arguments he would have made on demurrer. There was therefore no error.

Nor was there anything improper in the trial court conversing in a friendly manner with defense counsel, in open court, during the hearing on demurrer in which counsel made a telephonic appearance. Because Hernandez had not made a timely appearance, the court was authorized to go forward in Hernandez's absence. Telephonic calendar appearances are expressly permitted by court rules. (Cal. Rules of Court, rule 3.670.) Nor is there anything inappropriate about a friendly court appearance, even by telephone. Civility between the court and counsel is to be encouraged (Code of Judicial Ethics, Canon 3B(4)), and there is nothing in the record to suggest the court was biased in favor of defense counsel. The burden is on the appellant to provide an adequate record on appeal. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) Here, Hernandez has provided nothing more than his characterization of a conversation he partially overheard, having arrived late for the hearing, and not realizing his case was then being considered.[5] This is insufficient.

---

[5]    Hernandez suggests that it appeared to him that defense counsel was "[d]ictating" to the court the ruling that counsel wanted. It is apparent from the record that the court did not simply give defense counsel the relief defendant had sought. In her demurrer, Mallchok had requested sanctions for a frivolous action. The court did not award

8

**DISPOSITION**

The judgment is affirmed.  Hernandez is to pay Mallchok's costs on appeal.


                                                    RUBIN, J.

WE CONCUR:


        BIGELOW, P. J.


        GRIMES, J.

---

sanctions.  It may well be that, prior to Hernandez entering the courtroom, the court had indicated its ruling to defense counsel and asked defense counsel to prepare a proposed order.  The supposed dictation Hernandez heard could have been counsel reading back to the court the terms of the proposed order, for confirmation.  With no record establishing misconduct, we will not assume something untoward when an innocent explanation is easily available.