Filed 3/12/13  Lua v. Career Colleges of America CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| PAULA LUA, | B238638 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC109295) |
| v. | |
| CAREER COLLEGES OF AMERICA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gerald Rosenberg, Judge.  Affirmed.

Paula Lua, in pro. per., for Plaintiff and Appellant.

Baker and Baker and Scott L. Baker, for Defendant and Respondent.

Plaintiff, Paula Lua, in propria persona, appeals from an order dismissing her complaint against defendant, Career Colleges of America, for failure to comply with a discovery order. We affirm.

The record on appeal does not contain a number of documents pertinent to the disposition of this appeal. For example, the case summary indicates that the operative pleading is the second amended complaint, which was filed on July 11, 2011. But, plaintiff did not designate the second amended complaint as part of the appellate record. And, on August 31, 2011, defendant moved to strike the second amended complaint. According to the reporter's transcript, the motion to strike was based on plaintiff's failure to comply with a June 30, 2011 discovery order to provide further responses to interrogatories and produce documents. Although plaintiff designated her opposition to the motion to strike in the clerk's transcript, plaintiff did not designate defendant's motion to strike or its reply to the opposition as part of the record on appeal.

On December 22, 2011, the trial court granted defendant's motion to strike the complaint as a terminating sanction for plaintiff's failure to comply with the June 30, 2011 discovery order. The trial court ordered the case dismissed. Plaintiff filed a notice of appeal on January 11, 2012. On July 31, 2012, in response to orders from this court concerning the appealability of December 22, 2011 order, plaintiff filed a signed dismissal order dated May 14, 2012. The premature appeal is deemed timely. (See Cal. Rules of Court, rule 8.104(d); *In re Social Services Payment Cases* (2008) 166 Cal.App.4th 1249, 1262, fn. 4.)

On November 1, 2012, we requested the parties to brief the effects, if any, on plaintiff's failure to provide a number of pertinent documents in the record on appeal. We agree with defendant that the dismissal order must be affirmed in light of plaintiff's failure to provide an adequate record for this court to assess error. Plaintiff, as the appellant, has an affirmative obligation to provide an adequate record so that we may assess whether the trial court erred. We never presume error and a presumption of correctness must be accorded to the trial court's ruling. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Gutierrez v. Autowest, Inc*. (2003) 114 Cal.App.4th 77, 88.*)*

2

The Court of Appeal has held: "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' [Citation.]" (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712, orig. italics; see *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447.) In the absence of a complete record, a reviewing court will not presume error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *In re Kathy P.* (1979) 25 Cal.3d 91, 102.) Plaintiff's failure to provide this court with a complete record on appeal including the second amended complaint and defendant's moving papers and reply requires that we affirm the dismissal order. (*Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448; *Rossiter v. Benoit*, *supra*, 88 Cal.App.3d at p. 712.)

Defendant, Career Colleges of America, is awarded its costs on appeal from plaintiff, Paula Lua.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


O'NEILL, J.[*]



We concur:



MOSK, Acting P. J.



KRIEGLER, J.

---

[*] Judge of the Ventura County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3