Filed 9/6/24  Tavares v. Ball CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| DESERET TAVARES, | |
| Plaintiff and Respondent, | E081050 |
| v. | (Super.Ct.No. CVPS2102396) |
| MARILYN LOUISE BALL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Manuel Bustamante, Judge.  Affirmed.

Marilyn Louise Ball, in pro. per., for Defendant and Appellant.

Buchalter, Robert Collings Little, and Michael J. Worth for Plaintiff and Respondent.

1

Defendant Marilyn Ball appeals from a default judgment awarding plaintiff Deseret Tavares $41,982.47 in damages, costs, and prejudgment interest. Ball argues that the trial court abused its discretion by striking her answer and entering default as a terminating sanction before entering judgment. We affirm.

In May 2021, Tavares sued Ball as an individual "doing business as" Las Vegas Walk of Stars (as well as other defendants who are not parties to this appeal) for breach of contract and related causes of action. The dispute arose from the purchase of a commemorative star on the "Walk of Stars" on Las Vegas Boulevard in Las Vegas, Nevada. According to the complaint, Tavares, a clairvoyant and media personality, entered into a purchase agreement with Ball for a commemorative star and accompanying dedication ceremony—which was scheduled to occur in the spring of 2020—and gave Ball $25,000 as a down payment. When the ceremony was postponed as a result of the COVID-19 pandemic and Tavares began to suspect it would never be rescheduled, she asked Ball for her money back. Ball agreed to the request but never provided the refund, and this lawsuit ensued.

As best we can tell from the limited appellate record, on September 13, 2021, Ball's counsel filed an answer on behalf of Ball "an individual, dba Las Vegas Walk of Stars." Three months later, the trial court imposed monetary sanctions of $250 on Ball's counsel for his failure to attend a case management conference, and less than a month after that the court granted his motion to be relieved as counsel. Then on February 28,

2

2022, the trial court issued an order to show cause why Ball's answer should not be stricken and default entered. Although the minute order states that the order to show cause was based on Ball's failure to obtain counsel, the notice of ruling that Tavares filed regarding the order states that the order was based on Ball's failure to appear at hearings and participate in the lawsuit.

On March 1, 2022, Tavares filed a request for entry of default, and about a month later, Ball filed a declaration "in response to the order to show cause," in which she stated that the court should not enter her default, because she had never operated under the fictitious business name of Las Vegas Walk of Stars.

The order to show cause hearing took place on April 29, 2022. Ball did not appear, and the trial court imposed terminating sanctions against her. The court struck her answer, entered her default, and issued an order to show cause regarding entry of default judgment. Tavares subsequently filed a request for default judgment, and on December 22, 2022, the court held a default prove up hearing at which it entered default judgment against Ball and awarded Tavares $41,982.47 in damages, costs, and prejudgment interest. Ball did not attend that hearing, nor did she move to set aside default.

On appeal, Ball argues that the trial court abused its discretion by imposing terminating sanctions. Specifically, she argues that the court erred by (1) imposing the sanctions on the improper basis that she failed to retain counsel and (2) failing to consider

3

less severe sanctions as an alternative.  Because Ball has not provided an adequate record to enable us to assess the merits of those claims, we must reject her arguments and affirm.

On appeal, we presume that an order of the trial court is correct, and the appellant bears the burden of affirmatively demonstrating error.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).)  To demonstrate error, the appellant must, among other things, provide an adequate record.  (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)  "'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'"  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; see Cal. Const., art. VI, § 13.)  "'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.'"  (*Jameson v. Desta*, at p. 609.)  "'"[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."'"  (*Ibid.*)  These principles apply equally to both represented litigants and self-represented litigants, like Ball.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

We cannot assess Ball's two challenges to the sanctions order because there was no court reporter for the relevant sanctions hearing and Ball has not provided an appropriate substitute for a reporter's transcript.  (See Cal. Rules of Court, rule 8.120 ["If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule

4

8.137"].)  As a result, the record is silent as to the basis for the trial court's sanctions order, and we must therefore assume that the order was proper.  (*Denham*, *supra*, 2 Cal.3d at p. 564; see also *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186 [compiling a list of cases in which "appellate courts have refused to reach the merits of an appellant's claims" because of the failure to provide a "transcript of [the] pertinent proceeding or a suitable substitute"].)

The lack of an adequate record is a sufficient basis to affirm the judgment, but we also note that the limited record before us reveals that Ball's claims of error lack merit. The notice of ruling that Tavares filed after the court issued the order to show cause states that the order was based on Ball's failure to participate in the lawsuit, and the documents that Ball did include in the record reveal that she failed to appear at numerous hearings, failed to meet and confer with Tavares, and failed to participate in discovery. Additionally, the limited appellate record also contradicts Ball's claim that the trial court failed to consider less severe sanctions before imposing terminating sanctions.  Ball was represented by counsel for the first several months of litigation, and the trial court sanctioned counsel $250 for his failure to appear at a case management conference.  The trial court therefore did not, as Ball asserts, treat terminating sanctions as a first resort.

For all of these reasons, we conclude that Ball has failed to carry her burden of demonstrating error, and we therefore affirm the judgment.

DISPOSITION

The judgment is affirmed.  Tavares shall recover her costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
                                                                                                                                    J.

We concur:


MILLER
                    Acting P. J.


CODRINGTON
                    J.

6