Filed 2/18/25  Young v. Jacop CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| TED ROGER YOUNG,<br><br>      Petitioner and Appellant,<br><br>v.<br><br>KARI LYNN JACOP,<br><br>      Respondent. | H051685<br>(Monterey County<br>Super. Ct. No. 23PT000062) |

Appellant Ted Roger Young contends that a domestic violence restraining order, and specifically the order's firearm restrictions, violate the Second Amendment.  Because the order has expired, we will dismiss the appeal as moot.

## I.  BACKGROUND

Respondent requested a domestic violence restraining order against appellant in November 2022.  Respondent alleged appellant verbally and emotionally abused her "every day" and had physically abused her three times.  She alleged that on the most recent occasion, appellant threw ice water on her, called her a "bitch," and said he "wanted to kill" her.  Later that night, when respondent refused to have sex with him, appellant allegedly became "irate," "blocked" respondent from "accessing" her child, and "was physically pushing and grabbing at" her.  Respondent alleged she suffered "large bruises" on her arm as a result of the incident.[1]  Appellant filed a response denying the allegations.

---

[1]  Appellant was arrested in connection with the incident, and he asks us to take judicial notice of various documents related to the criminal proceedings.  We grant the

Following a hearing, the trial court issued a domestic violence restraining order against appellant. No court reporter was present at the hearing. According to the minute order, evidence admitted at the hearing included photographs of respondent's injuries. Exhibits were returned to the parties and have not been made part of the record on appeal.

The restraining order prohibited appellant from possessing firearms and ammunition, and required him to surrender all firearms in his possession. It expired on October 30, 2024, while this appeal was pending.

## II.   DISCUSSION

Appellant seeks to challenge a "myriad of California laws mak[ing] it unlawful for any person subject to any type of protective order issued by a California state court (including [appellant's] restraining order) to possess firearms or ammunition, or to sell or provide firearms or ammunition to the restrained person," contending those laws are unconstitutional as applied to him. Respondent has not filed an appellate brief, and we may therefore decide the appeal based on the record and appellant's briefing. (Cal. Rules of Court, rule 8.220(a)(2).)

As of October 30, 2024, the challenged domestic violence restraining order is no longer in effect. We invited supplemental briefing as to whether the appeal is moot and, if so, whether any exceptions to the mootness doctrine apply. Appellant filed a supplemental brief acknowledging that he is no longer subject to the firearm restrictions associated with the restraining order. The appeal is therefore moot. (See *City of Monterey v. Carrnshimba* (2013) 215 Cal.App.4th 1068, 1079 [" 'If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot' "].)

---

unopposed request. (See Evid. Code, §§ 452, subd. (d), 459, subd. (a).) The documents indicate, among other things, that appellant was charged with possession of an assault weapon as a felony, which was dismissed in furtherance of justice.

Generally, "when a case becomes moot pending an appellate decision 'the court will not proceed to a formal judgment, but will dismiss the appeal.' " (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134.) However, appellate courts have discretion to consider the merits of a moot appeal when the case presents an issue of broad public interest that is likely to recur; the same controversy between the same parties is likely to recur; or a material question remains undecided. (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495.) In his supplemental brief, appellant asks us to consider the merits of his claim because it raises an important constitutional issue that is likely to recur while evading appellate review. We decline to do so for the reasons we will explain.

Were we to review appellant's claim on the merits, our review would be hampered by the limited nature of the record provided. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent.' " (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) An appellant also bears "the burden of affirmatively demonstrating error by providing an adequate record." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against' " the appellant. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

Here, appellant has provided neither a reporter's transcript nor a settled statement describing the hearing at which he and respondent testified and after which the trial court issued the challenged restraining order. (See Cal. Rules of Court, rule 8.137(a) [a settled statement "is a summary of the superior court proceedings approved by the superior court" and can be used where the proceedings were not reported by a court reporter].) The lack of a reporter's transcript or settled statement describing the primary proceeding at issue would on its own be sufficient justification to decline to reach the merits. (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186 [appellate

3

courts "have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided"].) Meaningful review of appellant's claim, which depends on the specific factual circumstances litigated in the trial court, would be difficult given the absence of an oral record and other pertinent evidence from the hearing.

Appellant's as-applied challenge to the firearm restrictions necessarily seeks " 'relief from a specific application of a facially valid statute or ordinance to an individual or class of individuals who are under allegedly impermissible present restraint or disability as a result of the manner or circumstances in which the statute or ordinance has been applied.' " (*In re D.L.* (2023) 93 Cal.App.5th 144, 157.) On the record before us, it is not clear whether appellant may have forfeited his claim by failing to object in the trial court. (*People v. Patton* (2019) 41 Cal.App.5th 934, 946 ["An as-applied constitutional challenge is forfeited unless previously raised"].)

Even if preserved, appellant's position rests on "a 'constitutional defect [that] may be correctable only by examining factual findings in the record or remanding to the trial court for further findings' " which is "not appropriately raised for the first time on appeal." (*Zachary H. v. Teri A.* (2023) 96 Cal.App.5th 1136, 1144, citing *In re Sheena K.* (2007) 40 Cal.4th 875, 887.) Specifically, appellant argues the firearm restrictions were unconstitutional in his case because the underlying allegations "have nothing to do with firearms"; appellant and respondent live separately; and appellant "has never previously violated firearm laws," unlike the defendant in *United States v. Rahimi* (2024) 602 U.S. 680. In *Rahimi*, the United States Supreme Court held that when "a restraining order contains a finding that an individual poses a credible threat to the physical safety of an intimate partner, that individual may—consistent with the Second Amendment—be banned from possessing firearms while the order is in effect." (*Id.* at p. 690.) Appellant's attempt to distinguish his case from *Rahimi* relies on alleged factual differences that cannot be confirmed on this record.

4

We note that while the general issue appellant seeks to raise is an important one of constitutional dimension, it has not evaded appellate review. Even before *Rahimi* was decided, California courts had upheld Family Code section 6389 (which prohibits individuals subject to domestic violence restraining orders from possessing firearms or ammunition) against Second Amendment challenges. (*Altafulla v. Ervin* (2015) 238 Cal.App.4th 571, 581–582; *Zachary H. v. Teri A.*, *supra*, 96 Cal.App.5th at pp. 1144–1145.) More recently, a different panel of this court upheld a gun violence restraining order statute, "which was based on the domestic violence restraining order statute," and concluded that "nothing in *Rahimi* calls into question the lawfulness of firearms restrictions imposed on individuals subject to restraining orders." (*Mountain View Police Dept. v. Krepchin* (2024) 106 Cal.App.5th 480, 502.) Given the narrow scope of appellant's as-applied challenge and the numerous deficiencies in the record, we do not believe that exercising our discretion to reach the merits of appellant's claim would add value to existing precedent.

Finally, appellant asserts in his supplemental brief that county sheriffs, "who oversee the relinquishment and return of firearms, are notoriously slow and hesitant to return firearms in general." He asks us "to retain jurisdiction over the matter until the firearms are returned, or for a remand to the lower court to oversee and guarantee the prompt return of the firearms at issue, if the matter is found to be moot." Because that request is unrelated to any alleged error in the trial court's issuance of a domestic violence restraining order, it is beyond the scope of this appeal.

Given that the challenged order has expired, we can no longer grant appellant any effective relief. Appellant has not persuaded us to review his claim under an exception to the mootness doctrine, and we will therefore dismiss the appeal as moot.

## III. DISPOSITION

The appeal is dismissed as moot. Appellant shall bear all appellate costs, if any, by operation of rule 8.278(a)(1) of the California Rules of Court.

5

_____
Grover, J.

**WE CONCUR:**

_____
Manoukian, Acting P. J.

_____
Lie, J.

H051685
*Young v. Jacop*