Filed 4/9/25  Marriage of Monterroso CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of FANNY and KRISTOPHER MONTERROSO. | D083893 |
| FANNY MONTERROSO, Respondent, v. KRISTOPHER MONTERROSO, Appellant. | (Super. Ct. No. 17FL013408C) |

APPEAL from a judgment of the Superior Court of San Diego County, Terrie E. Roberts, Judge.  Affirmed.

Kristopher Steven Monterroso, in pro. per., for Appellant.

No appearance for Respondent.

Self-represented litigant and appellant Kristopher Monterroso (Monterroso) appeals a family court judgment of dissolution.  He contends: (1) respondent (his former wife) failed to disclose significant details of rental income from her property in Florida; (2) the court erroneously decided the parties' separation date; (3) the court refused to consider an expert financial

evaluation and a motion for mistrial; (4) the court's rulings were prejudicial and warrant reconsideration; (5) respondent gained unauthorized access to his e-mail and deliberately withheld information about asset ownership, especially stocks; (6) the court erroneously denied his request for spousal support; (7) this court should engage in a "reevaluation of the decisions made" to address respondent's fraudulent actions and infringements; (8) respondent breached her fiduciary duty to act in good faith and fair dealing; and (9) the court lacked impartiality and denied him due process. We affirm.

DISCUSSION

We resolve this appeal by relying on general appellate rules of practice and procedure. Each brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) "If a party fails to support an argument with the necessary citations to the record, the argument will be deemed waived." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061; accord, *In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Any ambiguity in the record is resolved in favor of the judgment. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608.) On appeal, this court starts with a presumption that the judgment or order being appealed is correct; the burden is on the appellant to affirmatively show error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'All intendments and presumptions are indulged to support [the judgment or order] on matters as to which the record is silent, and error must be affirmatively shown' "].)

As the appellant, Monterroso is further obligated to demonstrate not only error in the rulings he challenges, but how the error prejudiced him. (See *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800-802; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 105-106 ["[O]ur duty to examine

2

the entire cause arises when and only when the appellant has fulfilled his duty to tender a proper prejudice argument. Because of the need to consider the particulars of the given case, rather than the type of error, the appellant bears the duty of spelling out in his brief exactly how the error caused a miscarriage of justice"]; *Vaughn v. Jonas* (1948) 31 Cal.2d 586, 601 ["[t]o presume in favor of error or prejudice would be directly contrary to the policy of this state"].) Further, an appellate court is "not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) "Nor is an appellate court required to consider alleged error where the appellant merely complains of it without pertinent argument." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

Based on the above principles and Monterroso's deficient briefing, we are unable to conduct a meaningful review of his assertions of error and must resolve this appeal in favor of the judgment. Monterroso has forfeited his claims because he has not set forth the portion of the courts' rulings he disagrees with or made cogent arguments assigning error based on the applicable law. The presentation of an appeal is not merely a rehash of arguments unsuccessful at trial, but instead is a careful assertion of *legal* error and resulting prejudice. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)

We specifically address Monterroso's claim of judicial bias because it is the one he most develops, albeit still insufficiently for purposes of our review. This claim is based in part on the court imposing a $5000 sanction on him under Family Code section 271. We review that order for abuse of discretion. (*Menezes v. McDaniel* (2019) 44 Cal.App.5th 340, 347.) But Monterroso does not set forth the court's reasoning, which is critical to this analysis, and we

are not bound to develop his arguments for him. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.) This claim is forfeited because Monterroso fails to show he asserted it below. (*People v. Samuels* (2005) 36 Cal.4th 96, 114; see *People v. Chatman* (2006) 38 Cal.4th 344, 362-363.) In any event, it also fails on the merits. The judgment states: "Husband and his actions and conduct did frustrate the policy of the law to promote settlement of litigation and reduce the cost of litigation." As stated, we must presume this finding is supported by the evidence; and Monterroso does not rebut that presumption. Further, our review of the record shows the court recognized Monterroso's economic situation and tailored the sanction accordingly. It thoroughly addressed this matter at the hearing, and ruled from the bench that respondent had incurred approximately $28,509 in attorney fees. Nonetheless, it ordered Monterroso to pay only $5,000 in monthly $417 installments because "even though [it is] sanctions, the court still has to believe that you have the ability to pay." Finally, "a trial court's numerous rulings against a party—even when erroneous—do not establish a charge of judicial bias, especially when they are subject to review." (*People v. Guerra* (2006) 37 Cal.4th 1067, 1112.) Monterroso fails to demonstrate any judicial misconduct or bias, let alone misconduct or bias that was so prejudicial that it deprived him of " ' "a fair, as opposed to a perfect, trial." ' " (*Ibid.*)

We are mindful Monterroso is self-represented, and a party who proceeds without the assistance of legal counsel may face unique challenges not encountered by those who utilize the services of competent legal counsel. However, "[a] self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574;

see *Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 344-345 ["The same burdens are imposed uniformly and equally on all appellants, and self-represented parties are ' "held to the same restrictive procedural rules as an attorney" ' "].) Therefore, Monterroso needed to comply with the rules for presenting legal arguments supported by citations to relevant legal authority and portions of the designated court file. He has not done so.

DISPOSITION

The judgment is affirmed.


O'ROURKE, Acting P. J.

WE CONCUR:


DO, J.


CASTILLO, J.