Filed 6/30/15  Penney v. THR California LP CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BEVER-LEIGH B. PENNEY,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>THR CALIFORNIA LP et al.<br><br>Defendants and Respondents. | B253257<br><br>(Los Angeles County<br>Super. Ct. No. EC059970) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John P. Doyle, Judge.  Judgment affirmed.

Bever-leigh B. Penney, in pro. per., for Plaintiff and Appellant.

Kimball, Tirey & St. John, Abel Ortiz and Michaelene H. Kapson, for Defendants and Respondents.

_____

**INTRODUCTION**

Plaintiff and Appellant Bever-leigh B. Penney appeals the trial court's judgment dismissing her case based on its order sustaining without leave to amend the demurrer brought by Defendants and Respondents THR California LP and Riverstone Residential Group. Penney's real property was sold to THR in a non-judicial foreclosure sale. Prior to the sale, Penney brought an action against the lender and trustee alleging fraud and wrongful foreclosure. The federal district court granted motions to dismiss and a motion for summary judgment in favor of the lender and trustee, disposing of Penney's complaint. Penney then brought the present lawsuit against THR and Riverstone, alleging that by purchasing her home from the foreclosure sale they were liable for conversion, unfair competition, slander of title, claim and delivery, quiet title, cancellation of instruments, and conspiracy. We affirm the judgment dismissing Penney's case because Penney fails to show on appeal how the complaint alleged sufficient facts to state a claim for each cause of action.

**FACTS AND PROCEDURAL BACKGROUND**

In 1998, Penney obtained a fixed-rate mortgage loan for $269,500 from DiTech Funding Corporation, secured by a deed of trust encumbering the property located at 9404 Wayside Drive, Shadow Hills, California 91040. Penney executed a promissory note agreeing to make fixed payments of $1,884.38 per month. DiTech then assigned the Deed of Trust to GE Capital Mortgage Services, who ultimately assigned it to Wells Fargo Bank in 2005. Beginning in July 2010, Penney failed to pay the fixed monthly payments. Wells Fargo commenced foreclosure proceedings in December 2010. Penney applied for a loan modification but was denied. In 2011, Penney filed a wrongful foreclosure lawsuit that was removed to federal court, which we discuss in detail below. While that federal action was pending and after multiple Notices of Trustee's Sale, the property was ultimately sold on October 25, 2012 to THR.

*1.      Penney's Federal Action*

In June of 2011, Penney filed a complaint in superior court against NDeX West, LLC (the trustee), Wells Fargo Bank N.A., and Wells Fargo Bank Home Mortgage, Inc. alleging "fraud, unfair debt collection practices, and wrongful foreclosure." Shortly thereafter, Wells Fargo removed the case to federal district court based on diversity jurisdiction. In federal court, Penney filed her first amended complaint and included additional defendants and several new causes of action. The defendants brought a motion to dismiss the first amended complaint, which the court granted in part and denied in part. The federal court dismissed with prejudice Penney's claims for violations of the Rosenthal Fair Debt Collection Practices Act and for violation of Civil Code section 2924, subdivision (a)(1). The court dismissed Penney's remaining claims without prejudice and granted her leave to amend.

Penney's second amended complaint in the federal case stated 11 claims, styled as: (1) promissory estoppel, (2) promissory fraud, (3) fraudulent misrepresentation, (4) false or misleading representation in violation of Civil Code section 1572 and title 15 of the United State Code section 1692E, (5) false or misleading representation in violation of title 15 of the United State Code section 1692E and negligent misrepresentation, (6) unfair practices under California Business and Professions Code section 17200 et seq., (7) negligence, (8) fraud, misrepresentation, false or misleading representations in violation of title 15 of the United State Code section 1692E and conspiracy, (9) negligent infliction of emotional distress, (10) fraud, and (11) fraud and false or misleading statements.

The defendants collectively moved to dismiss the second amended complaint in its entirety. The court granted the motion to dismiss as to all causes of action except for the claims for promissory estoppel, promissory fraud, and fraudulent misrepresentation, which were solely brought against Wells Fargo. These three fraud-based causes of action alleged that Wells Fargo promised that it would not continue with foreclosure while Penney attempted to modify her loan.

3

Wells Fargo brought a motion for summary judgment as to these remaining causes of action. In February 2013, the federal court granted the summary judgment, finding that "there is no genuine issue of material fact as to whether Penney was in default on her mortgage. . . . Penney admitted she fell behind on her payments, . . . [and] the fact remains that Penney did not live up to her written promise to the bank. Wells Fargo was entitled to foreclose on the property, and it did just that." The court also found that "Penney admitted she never sought third-party financing . . . , nor did she have the personal financial resources to bring her account up to date. . . . Penney also never tried to sell the full property." The court concluded that Penney could not prove her fraud-based claims because "Wells Fargo warned Penney that the foreclosure process would have to continue once it began" even during loan modification, the loan modification efforts occurred after foreclosure commenced, and Wells Fargo had given Penney ample notice of the foreclosure sale.

**2.     *Penney's State Action (the Case at Issue on Appeal)***

In December 2012, Penney filed a complaint in the superior court against THR and Riverstone (THR's property manager), and they demurred. The superior court sustained the demurrer without leave to amend as to Penney's claim for violations of Code of Civil Procedure section 1161, and sustained the demurrer as to the remaining causes of action regarding conversion, conspiracy, and quiet title with leave to amend. Penney filed a first amended complaint, alleging (1) conversion, (2) unfair competition, (3) slander of title to real property, (4) claim and delivery, (5) quiet title, (6) cancellation of instruments, (7) conspiracy, and (8) declaratory relief. As the superior court summarized: Penney claimed that THR and Riverstone "wrongfully bought the subject property at a nonjudicial foreclosure sale when [Penney] had filed a notice of lis pendens in connection with the federal action. [Penney] also seem[ed] to be alleging that Wells Fargo has admitted in the federal action that it did not own [Penney]'s mortgage, and so could not transfer ownership to [THR], that the note and mortgage were improperly split and that defendants have improperly attempted to evict [Penney] by taping 3 day notices

4

to her door, and threatening an unlawful detainer action before recording the claimed trust deed."

THR and Riverstone demurrered to the second amended complaint, and the court sustained the demurrer without leave to amend as to all causes of action based on the grounds of privilege, failure to tender, and failure to plead various elements of the causes of action.

## DISCUSSION

### 1. *Standard of Review*

Penney asserts that the court erred in sustaining THR and Riverstone's demurrer. "Because the function of a demurrer is to test the sufficiency of a pleading as a matter of law, we apply the de novo standard of review in an appeal following the sustaining of a demurrer without leave to amend." (*California Logistics, Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247.) We affirm the judgment "if there is any ground on which the demurrer can properly be sustained, whether or not the trial court relied on proper grounds or the defendant asserted a proper ground in the trial court proceedings. [Citation.]" (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.)

### 2. *Penney Waived Arguments Regarding Sufficiency of the Complaint by Failing to Brief the Elements of Each Cause of Action*

Penney argues that the trial court erred by sustaining the demurrer without leave to amend, by "failing to recognize the gravity of THR's actions in violation of the California Corporations Code," and by misapplying the law regarding tender. (Some capitalization omitted.) However, Penney does not argue or provide citations to the record demonstrating that her complaint alleges facts to support each cause of action.

"Because a demurrer tests the legal sufficiency of a complaint, the plaintiff must show the complaint alleges facts sufficient to establish every element of each cause of action." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.) " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' " (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) "As a court of appeal, even in exercising our independent judgment, we do not find it sufficient for an appellant merely to claim the respondent should not have been successful at trial and then the burden shifts to the respondent to prove its case in its entirety again. Instead, the appellant must frame the issues for us, show us where the superior court erred, and provide us with the proper citations to the record and case law. ' " '[D]e novo review does not obligate us to cull the record for the benefit of the appellant. . . . As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error . . . by citation to the record and any supporting authority. In other words, review is limited to issues which have been adequately raised and briefed.' [Citation.]" ' " (*Morgan v. Imperial Irrigation Dist.* (2014) 223 Cal.App.4th 892, 913.)

Penney never identifies the elements of her causes of action, and further fails to show this court with citations to the record and through argument that her complaint states facts satisfying those elements.[1] When, as here, an appellant fails to support a point with pertinent citations of authority, we treat the point as waived. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.) Penney has thus failed to demonstrate error warranting reversal.

---

[1] We are aware appellant appears without the benefit of counsel. Nonetheless, this fact does not warrant special treatment. "[M]ere self-representation is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

## DISPOSITION

The court's judgment dismissing the case is affirmed.  Defendants and Respondents THR California LP and Riverstone Residential Group are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                                         KITCHING, J.

I concur:


EDMON, P. J.


EGERTON, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.