Filed 10/29/25  Ortiz v. Trader Joe's Co. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| LUZ ORTIZ,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>TRADER JOE'S COMPANY,<br><br>Defendant and Respondent. | B329657<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV32990) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Terry Green, Judge.  Affirmed.

Law Offices of Linda Louise Scott and Linda Louise Scott, for Plaintiff and Appellant.

Littler Mendelson, Kara L. Jassy, and Jacob M. Krall for Defendant and Respondent.

───────────────

Plaintiff Luz Ortiz appeals from a judgment entered in favor of defendant Trader Joe's Company. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2021, Ortiz filed a complaint against Trader Joe's, her former employer, for breach of contract, tortious breach of the implied covenant of good faith and fair dealing, retaliation based on Labor Code section 6310,[1] and wrongful termination in violation of public policy based on sections 6310 and 132a. The complaint alleged that Ortiz and her brother Noe Ortiz were working at a Trader Joe's location on or about September 25, 2019.[2] Noe told Ortiz that he had been injured when another employee, Alex Salas, "slamm[ed] a U-boat full of dry produce in to Noe Ortiz' flatbed, knocking Noe Ortiz to the ground and on to his backside." Noe "was visibly injured and very upset." According to the complaint, when Ortiz told a supervisor she was concerned about the incident, the supervisor "verbally disciplined" Ortiz and told her "to mind her own business." Ortiz was terminated a few days later for "unprofessional" conduct. The complaint alleged this was pretext for Ortiz "reporting

---

[1]    All further undesignated statutory references are to the Labor Code.
       The complaint did not specify any specific statutory basis for Ortiz's retaliation claim, but her summary judgment briefing later confirmed it was premised on section 6310.

[2]    Because Ortiz and her brother share a last name, we refer to Noe by his first name to avoid confusion. No disrespect is intended.

unsafe conditions and actions by other employees" in the workplace.

In November 2021, Trader Joe's demurred to Ortiz's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Ortiz opposed the demurrer. Ortiz did not appear at the hearing. The trial court sustained the demurrer without leave to amend as to Ortiz's implied covenant of good faith and fair dealing claim and denied it as to her breach of contract claim. The record on appeal does not include a reporter's transcript of the hearing or the trial court's written ruling.

In July 2022, Trader Joe's moved for summary judgment on the remaining causes of action. The motion argued that Ortiz could not establish one or more elements of her retaliation claim under section 6310. Section 6310 prohibits an employer from terminating an employee for reporting a work-related injury, and requires that any employee terminated for complaining about "unsafe working conditions, or work practices" be reinstated or reimbursed for lost wages. (§ 6310, subds. (a) & (b).) The motion asserted that there was no evidence that Ortiz reported a workplace injury. It cited Ortiz's deposition testimony that Noe did not suffer any broken bones; and that Ortiz could not recall whether Noe saw a doctor, suffered any bruising, or walked with a limp after the accident. Ortiz also testified that she did not observe the accident. Further, Ortiz testified that Noe did not file a workers' compensation claim, nor did he file an incident report with Trader Joe's, which, according to Ortiz, is a report the company used to document workplace injuries. The motion also contended there was no evidence that Ortiz had reported an unsafe working condition. (§ 6310, subd. (b).) In support, it cited Ortiz's testimony that the event was an accident, that Salas did

3

not cause the accident maliciously or intentionally, and that Ortiz was unaware of Salas causing any similar accidents or engaging in clumsy behavior.

The motion also argued that Ortiz was not terminated in retaliation for any protected conduct, but rather for repeated violations of the Trader Joe's Crew Member Conduct Policy. In support, it attached numerous records from Ortiz's personnel file, including five written performance reviews in which the company had told Ortiz she needed to improve her performance. It also attached a September 25, 2019 statement written by Salas. According to the statement, when Salas attempted to talk to Ortiz about Noe's accident, Ortiz questioned Salas's "ability to do [his] job in a negative combative tone." Salas asked if something was wrong and Ortiz said she was " 'done talking about it.' " A few hours later Salas tried to speak with Ortiz again, but Ortiz accused Salas of lying on a previous incident report. The motion also attached Ortiz's termination letter, which states that on September 25, 2019, Ortiz criticized an unnamed supervisor when that supervisor approached Ortiz to discuss an undescribed accident. The letter informed Ortiz that this behavior was unprofessional, and that this was "not the first time [Trader Joe's] had to discuss [Ortiz's] unprofessional behaviors." Because Ortiz failed to "make the necessary improvements" despite "redirects," the letter terminated Ortiz.

The summary judgment motion also asserted that Ortiz's breach of contract claim failed as a matter of law because she was an at-will employee. It further argued that Ortiz's claim for wrongful termination based on section 6310 must fail for the reasons described above. Finally, the motion contended that any wrongful termination claim based on section 132a, which bars

4

discrimination for filing a workers' compensation claim, must also fail. Although Ortiz applied for workers' compensation in 2012, the motion asserted that there was no evidence that Trader Joe's terminated her in 2019 in retaliation for that application.

Ortiz opposed summary judgment in March 2023. Her opposition argued that Ortiz's retaliation claim should survive because she was terminated for reporting Noe's workplace accident. Its analysis of that issue described her termination letter but otherwise did not describe or cite any specific evidence. The opposition did not address Trader Joe's arguments regarding Ortiz's claims for breach of contract and wrongful termination. In support of the opposition, Ortiz declared that Noe "said he was okay but did not look okay" after the accident, that he "appeared hurt," and that she asked employee Maria Lucero "to check on Noe because he was hurt in the incident." Ortiz also declared that she "was terminated for reporting an accident which may have caused injury to Noe Ortiz," and that her termination letter omitted that the accident "involved unsafe work practices."

On March 27, 2023, the trial court held a hearing on the summary judgment motion, and it granted summary judgment for Trader Joe's the next day. As for the retaliation claim, the court recognized that section 6310 prohibits termination for reporting a "work-related fatality, injury, or illness" or "unsafe working conditions." However, the court found no evidence that Noe was injured or that any condition in the Trader Joe's store was fundamentally unsafe. The court therefore concluded there was no genuine fact dispute that could allow the retaliation claim to proceed. The court reasoned Ortiz's breach of contract claim failed as a matter of law because she conceded that she was an at-will employee. Finally, the court observed that Ortiz's claim

5

for wrongful termination in violation of public policy was contingent on a violation of sections 6310 and/or 132a (which bars retaliation for filing a worker's compensation claim). The court found that Ortiz had provided no evidence that she was fired for filing a worker's compensation claim. And because there was no material fact dispute that Ortiz's conduct was not protected by section 6310, the court concluded her wrongful termination claim on that basis necessarily failed.

The trial court entered judgment for Trader Joe's on April 19, 2023. Ortiz timely appealed.

## DISCUSSION

### I. Ortiz forfeited any challenge to the trial court ruling on the demurrer.

Ortiz contends the trial court abused its discretion in sustaining the demurrer on her claim for breach of the implied covenant of good faith and fair dealing. We conclude Ortiz forfeited any such argument.

To start, Ortiz failed to provide an adequate record. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record.' " (*Id.* at p. 609.)

6

Ortiz did not designate the trial court's written ruling for inclusion in the clerk's transcript, and she chose to proceed without a record of the oral proceedings on the demurrer. When the parties jointly augmented the record, Ortiz again failed to provide any record of the court's ruling. Without an adequate record, we have no basis to overturn the trial court ruling. (*Jameson*, *supra*, 5 Cal.5th at p. 609; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 711 [appellant's failure to provide reporter's transcript of demurrer hearing forfeited arguments on appeal].) Ortiz fails to acknowledge this deficiency, nor does she articulate any reason we should ignore her forfeiture and reach the merits.

Ortiz also forfeited this claim by failing to provide legal authority and reasoned argument. An appellant also has the burden of supporting "each point by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) This obligation "requires more than simply stating a bare assertion that the challenged judgment or order is erroneous and leaving it to the appellate court to figure out why." (*Siskiyou Hospital, Inc. v. County of Siskiyou* (2025) 109 Cal.App.5th 14, 39 (*Siskiyou Hospital*).) A conclusory assertion " 'without pertinent argument or an attempt to apply the law to the circumstances of this case, is inadequate.' " (*St. Myers v. Dignity Health* (2019) 44 Cal.App.5th 301, 313 (*St. Myers*).) Accordingly, "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited." (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075 (*Delta Stewardship*).)

Ortiz's briefing does not even identify the elements of the implied covenant of good faith and fair dealing cause of action. Ortiz describes the allegations in the complaint at length, but she

makes no attempt to explain why those allegations are sufficient to survive a demurrer. (*St. Myers*, *supra*, 44 Cal.App.5th at p. 313 [appellant's burden is to " 'apply the law to the circumstances of this case' "].) "It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness." (*Delta Stewardship*, *supra*, 48 Cal.App.5th at p. 1075; *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [appellate court will not develop appellant's arguments].)

## II.     The trial court properly granted summary judgment.

Ortiz also contends the trial court erred in granting summary judgment for Trader Joe's on her retaliation claim.[3] For the reasons discussed herein, we disagree.

### A.     Standard of review and applicable law.

The trial court may grant summary judgment if there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) When a defendant moves for summary judgment, the defendant has the initial burden of showing that the plaintiff cannot establish an element of the cause of action or

---

[3]     The conclusion to Ortiz's appellate briefing asks this court to reverse the trial court's grant of summary judgment in its entirety. However, Ortiz does not raise any argument specifically addressing her claims for breach of contract or wrongful termination. Any argument as to those claims is therefore forfeited. (*Siskiyou Hospital*, *supra*, 109 Cal.App.5th at p. 39 [appellant may not rely on "bare assertion that the challenged judgment or order is erroneous"].)

8

that there is a complete defense. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853 (*Aguilar*).) If the defendant makes this initial showing, it is then the plaintiff's burden to present evidence demonstrating there is a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, at p. 849.)

Ortiz's retaliation claim is premised on section 6310, which prohibits an employer from terminating an employee for reporting any "work-related fatality, injury, or illness . . . ." (§ 6310, subd. (a)(4).) It also protects an employee "against discharge or discrimination for complaining in good faith about working conditions or practices which he reasonably believes to be unsafe . . . ." (*Hentzel v. Singer Co.* (1982) 138 Cal.App.3d 290, 299 (*Hentzel*) [describing § 6310, subd. (b)].)

Trader Joe's contends, and Ortiz does not dispute, that a section 6310 retaliation claim must be analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792. (*Veto v. Boeing Company* (C.D. Cal., Oct. 23, 2024, No. 8:24-CV-00509-DOC-KESX) 2024 WL 5036760, at *4.) Under that framework, a plaintiff must first establish a prima facie case of retaliation, by demonstrating "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1042 (*Yanowitz*).)

Combining these standards, at summary judgment, Trader Joe's had the initial burden of demonstrating that Ortiz could not establish one or more elements of her prima facie case of retaliation. (*Serri v. Santa Clara University* (2014) 226

9

Cal.App.4th 830, 861.) If Trader Joe's succeeded, the burden shifted to Ortiz to identify a triable issue of fact on the challenged elements of her prima facie case. (*Ibid*.)

"' " ' "We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained." ' [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." ' " (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347.)

> **B. Ortiz failed to establish a triable issue of fact as to whether she reported a workplace injury or an unsafe working condition.**

At summary judgment, Trader Joe's argued that Ortiz did not engage in protected activity under section 6310 because she reported a single workplace accident that did not cause physical harm, not a workplace injury or unsafe working condition. Trader Joe's cited Ortiz's deposition testimony that Noe did not break any bones in the accident, and that Ortiz did not remember if Noe was bruised or walked with a limp thereafter. Trader Joe's also cited Ortiz's testimony that the incident was merely an accident and that she was not aware of any similar incidents in the past. This evidence was sufficient to shift the burden to Ortiz to identify " 'specific facts showing that a triable issue of material fact exists' " as to whether her actions were protected activity under section 6310. (*Aguilar*, *supra*, 25 Cal.4th at p. 849;

*Yanowitz, supra*, 36 Cal.4th at p. 1042.)  Ortiz did not meet this burden.[4]

We first assess whether Ortiz established a material fact dispute as to whether she reported a work-related injury. (§ 6310, subd. (a)(4).)  Ortiz failed to meet this burden.  In support of her opposition to summary judgment, Ortiz declared that she was terminated for reporting Noe's accident, that Noe "did not look okay," and that Ortiz asked Lucero (another employee) to check on Noe "because he was hurt."  Yet, Ortiz's declaration acknowledges that Noe "said he was okay," that he merely "*appeared* hurt," and that the accident "*may have* caused injury to Noe."  (Italics added.)  Even construing the record in Ortiz's favor, this evidence "gives rise to no more than mere speculation . . . and is insufficient to establish a triable issue of material fact." (*Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 163 (*Sangster*).)  We also cannot ignore the fact that the only evidence supporting Ortiz's arguments on this point is her own declaration, which is typically insufficient to create a fact dispute. (*Featherstone v. Southern California Permanente Medical Group* (2017) 10 Cal.App.5th 1150, 1159 ["The employee's 'subjective beliefs in an employment discrimination case do not create a

---

[4]     The retaliation analysis in Ortiz's opening brief fails to identify any specific material fact dispute.  For the first time in her reply, Ortiz identifies several specific facts which she claims establish a genuine fact dispute.  " 'Points raised for the first time in a reply brief will ordinarily not be considered, because such consideration would deprive the respondent of an opportunity to counter the argument.' " (*Jameson, supra*, 179 Cal.App.4th at p. 674, fn. 1.)  However, because Trader Joe's fully addressed this issue in its respondent's brief, we exercise our discretion to consider the arguments in Ortiz's reply.  (*Ibid*.)

genuine issue of fact; nor do uncorroborated and self-serving declarations.' "].)

Ortiz's reply points to several other documents, but none of these create a fact dispute. The reply cites Ortiz's termination letter, which mentions "an accident that occurred with another crew member," but does not describe any injury. The reply also cites Salas's description of the incident, which stated that Noe reported he was " 'good,' and thus not injured by the accident." Ortiz's reply also cites Lucero's declaration that she was "aware" that Ortiz "was reporting a work injury that occurred involving another employee." But this declaration only reflects that Lucero was aware of Ortiz's report, not that she was aware of the incident underlying that report. Indeed, the appellate record also includes a note written by Lucero the day after the accident, which states that she arrived at the store only after the accident happened and does not reference any injury. These materials do not create a fact dispute as to whether Noe was injured.

Moreover, even accepting Ortiz's declaration that Noe was "hurt" in the accident, Trader Joe's asserts Noe was not injured within the meaning of section 6310. We agree. Section 6300 et seq. does not define "work-related injury" or "injury," nor have the parties identified any binding or persuasive legal authority defining those terms. However, the same division of the Labor Code requires employers to report any "occupational injury . . . which results in lost time beyond the date of the injury or illness, or which requires medical treatment beyond first aid." (§ 6409.1.) In the absence of any binding definition of "work-related injury," we find guidance in this definition of a reportable "occupational injury." Here, Ortiz testified that Noe did not break any bones, that she could not recall any bruising or limping, and that she did

12

not know if Noe sought medical attention. There is no evidence that he lost time or required medical treatment of any sort. Based on the undisputed facts, we are persuaded that the accident was not a work-related injury within the meaning of section 6310.

Next, we consider whether Ortiz established a material fact dispute as to whether she complained about a working condition or practice that she reasonably believed to be unsafe. (*Hentzel, supra*, 138 Cal.App.3d at p. 299; § 6310, subd. (b).) We again conclude that Ortiz failed to meet this burden. The only evidence potentially supporting Ortiz's position is her own declaration, which asserted that Noe's incident "involved unsafe work practices." Yet, Ortiz did not declare that she reported any unsafe work practice or that she was terminated for that reason, and she has identified no other evidence on this point. Even assuming Ortiz's report about Noe's accident could be construed as reporting an unsafe working practice, Ortiz testified that she did not witness the incident, that she believed it was an accident, and that she was not aware of any similar incidents in the past. This contradicts that Ortiz reasonably believed that an unsafe working practice existed. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 21 [plaintiff's declaration cannot create a triable fact issue when contradicted by plaintiff's prior deposition testimony]; *Hentzel*, at p. 299 [section 6310, subdivision (b) protects reporting of dangerous working conditions plaintiff "reasonably believes to be unsafe"].) Moreover, Ortiz's declaration is entirely conclusory and includes no details about the alleged unsafe working practice. The declaration alone is insufficient to create a fact dispute. (*Sinai Memorial Chapel v. Dudler* (1991) 231 Cal.App.3d 190, 196 ["an

13

issue of fact is not raised by 'cryptic, broadly phrased, and conclusory assertions' "]; *Sangster*, *supra*, 68 Cal.App.4th at p. 163 [speculation did not create fact dispute].)

Ortiz has not established a triable issue of fact as to whether she engaged in protected activity under section 6310, a required element of her prima facie case of retaliation. The trial court properly granted summary judgment on that claim.[5]

---

[5] Because Ortiz failed to create a triable fact issue on her prima facie case, we need not reach the parties' arguments relating to pretext. (*Yanowitz*, *supra*, 36 Cal.4th at p. 1042 [employer required to offer non-retaliatory reason for termination only after plaintiff establishes prima facie case].) However, we note that Trader Joe's provided extensive evidence that it fired Ortiz for legitimate reasons, including, for example, five written evaluations identifying performance issues. Ortiz did not dispute that she received these evaluations and provided no evidence of intentional retaliation.

**DISPOSITION**

The judgment is affirmed.  Respondent is awarded its appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.


We concur:


EDMON, P. J.


EGERTON, J.